■ AL LANGER, on Behalf of Himself and All Other Creditors of JOED STORES CORPORATION, Appellant, v. HURLEY CUSTOM HATTERS, LTD., et al., Defendants, and JOED STORES CORPORATION et al., Respondents.— Judgment of the Supreme Court, Queens County, entered July 17, 1968, affirmed, with costs to respondent Joed Stores Corporation. (*Schwartz* v. *Public Administrator of County of Bronx*, 24 N Y 2d 65.) Beldock, P. J., Christ, Rabin, Munder and Martuscello, JJ., concur.

■ EDWIN A. LOGUE, Appellant, v. HYMAN D. KACHOLSKY, Respondent.— Judgment (misnomered an order) of the Supreme Court, Westchester County, dated June 6, 1968, affirmed insofar as appealed from, without costs. No opinion. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ CATHERINE MANISCALCO et al., Respondents, v. JOHN COLEMAN, Appellant.— Appeal by defendant from an order of the Supreme Court, Richmond County, dated December 3, 1968, which granted plaintiffs' motion to increase the *ad damnum* clauses of their complaint and for leave to serve a supplemental bill of particulars. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied. In this personal injury negligence action, Special Term improvidently permitted plaintiffs to serve a supplemental bill of particulars and increase the *ad damnum* clauses of their complaint. Plaintiffs' papers were defective in that no medical affidavit was submitted (*Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878). Even if this court were to consider the medical report which was submitted on its merits, it does not show a necessary relationship between the injuries incurred by the injured plaintiff and the subsequent development of a breast cancer condition (*Sikora* v. *Apex Beverage Corp.*, 282 App. Div. 193; *Dennison* v. *Wing*, 279 App. Div. 494). Thus, plaintiffs have failed to show a causal relationship between the accident and the newly alleged injuries. In addition, plaintiffs are guilty of laches. The instant motion was made some 20 months after the discovery and diagnosis of the cancerous condition. No excuse whatsoever has been offered for the delay (*Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775). Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ ROBERT OSTROM, Appellant, v. PATCHOGUE ELECTRIC LIGHT CO., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated February 13, 1968, in favor of defendant upon the trial court's dismissal of the complaint at the close of plaintiff's case on a jury trial. Judgment affirmed, without costs. Plaintiff sustained his injuries when a crane upon which he was standing apparently came in contact with defendant's high tension wires. On the record presented, including the fact that defendant's wires were set back at least 50 feet from the traveled portion of a secondary road in a sparsely inhabited area, and that the accident apparently occurred on the morning of the first day that the crane was at the site of the accident, we are of the opinion that the trial court correctly held, as a matter of law, that defendant could not reasonably have foreseen that a crane would be operated in close proximity to its wires. (Cf. *Mikolasko* v. *New York State Elec. & Gas Corp.*, 8 A D 2d 648, mot. for lv. to app. den. 7 N Y 2d 707; *Moses* v. *City of New York*, 15 A D 2d 534, mot. for lv. to app. den. 11 N Y 2d 643.) Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.