■ GRACE KNORR, Appellant, v. IRVING ZARETSKY, Individually and Doing Business under the Name of BROADLAKE COMPANY, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County, dated October 26, 1971, which denied her motion for (1) reargument of a prior application for a general preference and (2) permission to amend her bill of particulars, without prejudice to renewal in the County Court of Westchester County if she be advised to remove the action to that court. Order reversed, with $10 costs and disbursements, and plaintiff's motion for a general preference and for permission to amend her bill of particulars as proposed granted. The amended bill of particulars shall be served within 10 days after entry of the order to be made hereon and defendant may conduct a further physical examination of plaintiff, if so advised, within 20 days after service of the amended bill of particulars, upon written notice of not less than 10 days, to be given by defendant. The record shows that the 57-year-old plaintiff was injured in June, 1967 when she fell in the hallway of the apartment house in which she resided. She was seen immediately by two doctors and X rays taken on the day of the accident showed a compression fracture of the 11th dorsal vertebra. She thereafter went for treatment to a third physician who observed she was in great pain and advised complete bed rest and a corset for back support. In August, 1971, she made the motion under review, seeking *inter alia* permission to amend her bill of particulars to include the claim that her fractured vertebra had caused "damage and injury to nerves, tendons, muscles, ligaments, soft parts and blood supply, resulting in pain, tenderness and limitation of motion of those functions dependent upon the fractured and injured area " and that her injuries were permanent in nature. In support thereof, her treating physician submitted an affidavit in which he stated that plaintiff's residual pain is related to her fractured vertebra, which in turn had aggravated a rheumatic arthritis condition and that the residual pains are " of a permanent nature, and the patient has a permanent injury." In view of this

524

medical documentation we conclude that if it be sustained by proof upon a trial a verdict for a sum in excess of the monetary jurisdiction of the County Court would not be found to be excessive. Therefore, we deem it an improvident exercise of discretion, first, not to have permitted amendment of the bill of particulars and, second, not to have granted plaintiff a general preference. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.