■ Roy Schultz et al., Appellants, v. Raymond Ellenbogen, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered January 12, 1973 in Saratoga County, which granted a motion by defendant for leave to serve an amended answer. This is a negligence action arising out of a motor vehicle accident which occurred on February 4, 1970 in the Town of Melrose, Rensselaer County, New York. The original complaint was served on April 14, 1971, and an amended complaint was served on July 12, 1971. Defendant's amended answer was served on July 28, 1971 in which it was admitted that defendant's motor vehicle, at the time of the accident, was operated with defendant's consent, express or implied, by one Thomas Le Barron. At an examination before trial held on June 22, 1972, defendant admitted that Thomas Le Barron was driving the truck for him at the time of the accident. On August 30, 1972, defendant served an amended answer denying this allegation. This answer was returned on the ground that it was not timely served. Defendant then brought this motion for leave to serve an amended answer. The moving affidavit on the motion stated that, on June 22, 1972, " it was discovered for the first time that Thomas Le Barron's use of the truck on September 4, 1970 was limited to a business delivery from the defendant's place of business at 50 River Street, Troy, New York to Scotia, New York, and a direct return. Thomas Le Barron did not have defendant's permission to operate said truck on his (Thomas Le Barron's) own business, and did not have permission to operate said truck to Schodack, New York (the locus of the accident) on February 4, 1970." The affidavit then proceeds to state that this information arose out of an investigation which defendant's attorney requested defendant's representatives to make. Special Term, noting that a note of issue had been filed and examinations before trial had been held, granted the motion on the ground that it could " not see how service of the amended answer will in any way hold up disposition of the case ", and upon the ground that the court is instructed to grant leave freely and to impose terms when necessary. In our opinion, it was an improvident exercise of discretion to permit the amendment of this answer to the prejudice of plaintiff when the facts concerning the operation of defendant's vehicle by Thomas Le Barron were known, or should have been known by defendant prior to the service of the answer to the amended complaint. (James-Smith v. Rottenberg, 32 A D 2d 792; Lentini v. St. Vincent's Hosp. of Borough of Richmond, 19 A D 2d 652; Nathan v. Long Is. Light. Co., 5 A D 2d 676.) Order reversed, on the law and the facts, with costs, and motion denied. Staley, Jr., J. P., Sweeney and Main, JJ., concur; Cooke and Kane, JJ., dissent and vote to affirm in the following memorandum by Cooke, J. Cooke, J. (dissenting): We dissent and vote to affirm the order granting leave to defendant to serve an amended answer. We start with the directive contained in the last sentence of CPLR 3025 (subd. [b]), which instructs courts to grant leave to amend pleadings freely and to impose terms when necessary (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.11) and then pass to another fundamental, that the grant or denial of such a leave is a matter of judicial discretion (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.14; cf. Laskaris v. Hogan, 35 A D 2d 859). The order appealed from grants leave to plaintiffs to conduct a further examination before trial of defendant on any issue raised by the

amended answer, and significantly, the record, containing the papers before Special Term, is devoid of any showing of prejudice. Said court observed that it did not see how the amendment would delay disposition of the case and pointed out that plaintiffs would not be confronted by the Statute of Limitations by reason of it. The action was commenced on March 15, 1971, defendant was examined before trial on June 22, 1972, a proposed amended answer was served on August 28, 1972, and, after its return 16 days later, the instant motion was made returnable on October 13, 1972. While the original answer to the amended complaint admitted that defendant's vehicle was operated at the time of the accident by one Le Barron with defendant's consent, said allegation is denied in the proposed pleading. The affidavit of defendant's counsel indicates that it was discovered for the first time at the examination before trial that Le Barron's use of defendant's truck was restricted to a certain delivery and that he did not have permission to operate it at the locus and time of the accident. This is understandable in view of the issue of limited permission, relatively complicated for defendant, the proprietor of a feed business (see *De Lancey* v. *Nationwide Ins. Co.*, 26 A D 2d 631, affd. 20 N Y 2d 807). It cannot be held as a matter of law that the grant of defendant's application constituted an abuse of discretion.