■ ANDREA OSTRUM, Respondent, v HIRSCH GRUNSTEIN, Appellant.— The respective attorneys for the parties on this appeal from an order of the Supreme Court, Kings County, entered November 14, 1975, have agreed, after a conference held in this court before Mr. Justice Gittleson on December 19, 1975, that the appeal be withdrawn, and they thereupon signed a stipulation to such effect, which stipulation includes certain other provisions. In accordance with the foregoing, the appeal is deemed withdrawn, without costs; and it is ordered that the case proceed to trial on January 19, 1976, upon the filing of a note of issue and a statement of readiness. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ ALBA PORTILLA et al., Respondents, v JOSEPH BOYKE et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, entered June 12, 1975, which, *inter alia,* granted plaintiffs' motion for leave to serve an amended bill of particulars. Order affirmed, with $50 costs and disbursements. Under the facts and circumstances of this case, the granting of plaintiffs' motion was a reasonable exercise of discretion. Leave to serve an amended bill of particulars, in the absence of a showing of prejudice, should be freely granted (see CPLR 3025, subd [b]; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.21). In this case there is no prejudice to defendants as the order appealed from grants them leave to conduct a physical examination of the injured plaintiff. The case of *London v Moore* (32 AD2d 543) is distinguishable. In that case, plaintiffs moved to amend the *ad damnum* clause of their complaint, and their bill of particulars, so as to recover for a condition which had developed subsequent to the accident and for which no claim had been asserted in the original complaint. Plaintiffs in the instant case merely sought leave to amend their bill of particulars to update the status of the same injuries for which recovery is sought in the complaint. Furthermore, in the original bill of particulars, plaintiffs indicated that claims for additional expenses might be asserted subsequently. At the trial, of course, plaintiffs must demonstrate that the further damages now asserted are causally related to the injuries suffered in the accident, as set forth in the complaint. Gulotta, P. J., Hopkins, Martuscello, Cohalan and Rabin, JJ., concur.