■ ALICE BLUMENTHAL et al., Respondents, v JESUS APONTE et al., Appellants.—Order entered July 24, 1975, in the Supreme Court, Bronx County, unanimously reversed, on the law and in the exercise of discretion, and plaintiffs' motion to amend their bill of particulars is denied, without costs and without disbursements. This is an action commenced in March, 1971, to recover damages for personal injuries allegedly suffered as a result of an accident which occurred November 12, 1969, when a motor vehicle owned and operated by plaintiff, Julius Blumenthal, and a truck owned by the corporate defendant were involved in a collision. In a verified bill of particulars dated June 29, 1972, plaintiff, Julius Blumenthal, claimed to have sustained a fracture of the left pelvis and contusion and tenderness of the right shoulder. On or about October 10, 1972, the case was noticed for trial, and came up for trial on March 24, 1975, at which time it was adjourned at plaintiffs' request. The case had previously been in the conference and assignment part on February 27, 1975. The motion to amend the bill of particulars, dated May 13, 1975 and returnable May 9, 1975, seeks to add a claim that the accident of November 12, 1969, aggravated a preexisting heart condition. The affidavit of Mr. Blumenthal's doctor for 15 years, dated April 18, 1975, in support of the application, states he examined plaintiff "following his accident and found new changes were visible on his electrocardiogram." The doctor then concluded "there is no doubt that the injuries MR. BLUMENTHAL sustained in his automobile accident aggravated his pre-existing heart disease." Such statement lacks specificity. While it is discretionary with the court and great liberality is exercised in granting leave to amend, it is concluded that in this case there was an improvident exercise of discretion. The elapsed interval between the accident, the bill of particulars and the present claim constitutes gross laches. The supporting papers lack specificity and are totally inadequate to warrant the relief sought and, additionally, no affidavit of merit is attached (Koi v P. S. & M. Catering Corp., 15 AD2d 775). No good reason is advanced for the delay up to and even after the case was called for trial. The claim of aggravation of a pre-existing heart condition, was not a claim of a recently discovered condition or one unknown to plaintiff. Nor can we reasonably conclude that defendants will not be prejudiced thereby (See Galarza v Alcoa S.S. Co., 34 AD2d 907). Concur—Stevens; P. J., Kupferman, Murphy, Silverman and Lane, JJ.