■ KATHRYN T. SIMPSON, Appellant, v M. LEON CANICK, Respondent.— In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Nassau County, entered April 27, 1977, which denied her motion to amend her bill of particulars, without prejudice to a renewal thereof, upon proper papers, including a physician's affidavit showing a causal relation between the negligence complained of and the proposed amendment. Order affirmed, with $50 costs and disbursements. Plaintiff's time to move for renewal is extended until 20 days after entry of the order to be made hereon. The injury plaintiff-appellant seeks to add by an amendment to her bill of particulars is a detached retina, which she avers was caused by a blow from an instrument used in treating her postoperatively for the rhytidectomy originally complained of. Such an amendment requires a physician's affidavit, for it is *not* an "update * * * of the same injuries", *but* a condition which developed subsequently and for which no claim was asserted in the original complaint *(Portilla v Boyke,* 51 AD2d 539; *Maniscalco v Coleman,* 32 AD2d 671; *London v Moore,* 32 AD2d 543; cf. *Knorr v Zaretsky,* 40 AD2d 523). Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

■ WILLIAM J. SOKOL, Appellant-Respondent, v ESTELLE L. SOKOL, Respondent-Appellant.—In a matrimonial action, plaintiff appeals from so much of a judgment of divorce of the Supreme Court, Suffolk County, dated January 12, 1977, as, after a nonjury trial, directed him to make child support payments in the sum of $120 per week, and defendant cross-appeals from so much of the said judgment as granted plaintiff a divorce on the ground of abandonment. Judgment modified, on the facts, by reducing the child support payments to the amount of $75 per week. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. In our opinion, the amount of the award was excessive to the extent indicated herein. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

■ VALENTE CONTRACTING CORP., Appellant, v FEDERAL INSURANCE COMPANY, Respondent. (Action No. 1.) VALENTE CONTRACTING CORP., Appellant, v EASTERN ASPHALT CORP., Respondent. (Action No. 2.)—In an action on a payment bond (Action No. 1) and an action to recover for work, labor and services, the appeal is from an order of the Supreme Court, Nassau County, entered March 23, 1977, which, *inter alia,* directed consolidation of the two actions. Order modified by deleting therefrom the provision directing consolidation and substituting therefor a provision directing a joint trial of Action No. 1 and Action No. 2. As so modified, order affirmed, with one bill of $50 costs and disbursements payable to respondents. In our opinion the identity of the actions should be preserved. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.