■ FLORA MOSLEY, Individually and as Natural Guardian of WILLIE MOSLEY, JR., an Infant, et al., Respondents, v JAMES BAKER, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County, dated August 2, 1976, which denied his motion for leave to serve an amended answer. Order reversed, without costs or disbursements, and motion granted. Defendant's time to serve an amended answer is extended until 20 days after entry of the order to be made hereon. Leave to amend pleadings should be freely given. Notwithstanding the inexcusable delay herein in seeking leave to amend, there has been no showing of serious prejudice to the plaintiffs-respondents, who have preserved their right to proceed against the Motor Vehicle Accident Indemnification Corporation. Therefore, it was an improvident exercise of discretion to have denied the motion for leave to serve an amended answer (see *Chicago Tit. Ins. Co. v King,* 59 AD2d 731). Hopkins, J. P., Latham and Margett, JJ., concur; Cohalan, J., dissents and votes to affirm the order with the following memorandum in which Hawkins, J., concurs: The subject accident occurred in November, 1971. On June 23, 1972 an investigator for defendant-appellant's insurance company procured a signed statement from defendant that his car had been stolen prior to the accident. Three months later—in September, 1972—a summons was served. After a notice of appearance was received from defendant's attorney, a complaint was forwarded to him. Issue was joined on June 21, 1973 by the service of an answer. In paragraph 3 of the complaint it is alleged: "That at all the times hereinafter mentioned the defendant owned, operated and controlled an automobile known as a Volvo, bearing license #QP 1863." This allegation was admitted in the answer by the failure to deny it. From the moment he received defendant's answer until the middle of 1976, when the current motion reached Special Term, plaintiffs' attorney was lulled into the belief that he had been relieved of the necessity of proving ownership, operation and control. Defendant contends that plaintiffs will in no way be prejudiced if he is permitted to amend his answer so as to deny operation and control, while admitting ownership. He adds that his coverage is the same amount ($10,000/$20,000) that plaintiffs can ultimately receive from the Motor Vehicle Accident Indemnification Corporation (MVAIC), as to which plaintiffs wisely attempted to preserve their rights. As I view the situation, plaintiffs have been prejudiced because: (1) Under the original pleadings the trial would have been completed by this time; (2) An examination before trial on the question of the stolen car is indicated and more time will be consumed; (3) If defendant prevails at the trial under the amended answer, plaintiffs will then be relegated to the MVAIC process, if they have properly preserved their rights thereunder (incidentally, MVAIC was created to aid innocent victims, not insurance companies [see Insurance Law, § 600]); (4) Of necessity plaintiffs will be burdened with additional expenses; and (5) The explanation proffered by defendant is no explanation. It

amounts to nothing more than an admission of law office failure. We have turned out of court many plaintiffs' cases for that very reason, and I can see no compelling cause to favor the defendant in this case (see *Schultz v Ellenbogen,* 42 AD2d 810).