◼ FLORENCE HIRD et al., Respondents, v GENERAL MOTORS CORPORA-

TION, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., defendant General Motors Corporation appeals from an order of the Supreme Court, Nassau County, dated April 28, 1977, which granted plaintiffs' motion for leave to amend their bill of particulars. Order reversed, with $50 costs and disbursements, and motion denied. Although we are mindful of the liberal policy to be followed with respect to motions to amend (see CPLR 3025, subd [b]; *Portilla v Boyke,* 51 AD2d 539), we are of the opinion that under the facts of this case it was an improvident exercise of discretion, resulting in prejudice to the appellant, for Special Term to have permitted the plaintiffs to amend their bill of particulars to specify an entirely new theory of product defect some five and one-half years after service of the original bill of particulars, nearly three years after service of the supplemental bill of particulars and more than 18 months after the filing of a statement of readiness. Assuming, *arguendo,* the validity of plaintiff Florence Hird's claim that she recently overcame her amnesia, her present recollection of the details of the subject accident do not differ substantially from those related at her examination before trial nearly three and one-half years ago and, therefore, cannot justify the inordinate delay (see *Schultz v Ellenbogen,* 42 AD2d 810; *James-Smith v Rottenberg,* 32 AD2d 792; see, also, *Liggieri v Pasternack,* 51 AD2d 731). Damiani, J. P., Gulotta and O'Connor, JJ., concur; Suozzi, J., dissents and votes to affirm the order on condition that plaintiffs pay costs in the sum of $500, with the following memorandum: In my view, the Special Term did not abuse its discretion in granting plaintiffs' application for leave to serve an amended bill of particulars. The female plaintiff was seriously injured in 1970 when the 1967 Buick that she was driving left the roadway and struck a bridge abutment in the center divider of a parkway in Nassau County. She and her husband instituted an action against the General Motors Corporation and, in their original bill of particulars which was served in 1971, alleged that the car had been defectively manufactured in that the transmission shift detent lever was defective and made of an incorrect grade of steel. In an examination before trial in 1973, the female plaintiff deposed that the car had suddenly turned to the left and that she could not control this movement. A statement of readiness was served on appellant by plaintiffs on June 3, 1975. In her present application, which was returnable in early January, 1977, the female plaintiff moved to amend her bill of particulars and alleged that the impact of the injury caused her to suffer partial amnesia with regard to some of the circumstances surrounding the accident. According to the said plaintiff, she underwent hypnosis therapy from a named medical specialist on the advice of her automobile experts, who suspected that the steering mechanism was at fault. Upon completion of the therapy, she was able to remember that her automobile was "drawn to one side" and that she was prevented from steering the car in the proper direction. It was proposed that the bill of particulars be amended to allege "a malfunctioning and improperly designed steering column, steering shaft, flexible coupling and bracket" and that "The highly irregular positioning of these parts would allow a foreign object such as a stone or similar loose object to lodge between the flexible coupling and the * * * bracket * * * such * * * that rotation of the flexible coupling would be impossible." The Special Term granted the motion on the ground that the female plaintiff's recent ability to overcome her alleged amnesia constituted an "unusual and unanticipated condition" necessitating the proposed amendments and that defendants would not be unduly or irreparably prejudiced thereby (see CPLR 3025, subd [b]; 22 NYCRR 675.7). Assuming, *arguendo,* the legitimacy

of the female plaintiff's amnesia claim, it is clear that the hypnosis therapy which she received did not reveal any significantly new facts concerning the happening of the accident. The proposed amendment clearly represents a shift in the underlying theory of the defect which caused the accident. However, that fact, standing alone, does not render the granting of the instant motion an abuse of discretion since leave to amend is to be freely granted in the absence of prejudice (see CPLR 3025, subd [b]; *Portilla v Boyke,* 51 AD2d 539). With regard to the issue of prejudice, it is true that defendants may have expended some time and money in preparing a defense to the original theory, which has apparently been abandoned. However, plaintiffs' vehicle, a 1967 Buick Le Sabre, must be presumed to have been built identically with all other 1967 Buick Le Sabres. Under these circumstances, the defendant manufacturer would be in the best position to review its engineering studies and designs as a means of investigating plaintiffs' claims. On the other hand, a denial of plaintiffs' application may well preclude them from proving their only viable theory of recovery. In the absence of prejudice to defendants, plaintiffs should not be deprived of their day in court. Nevertheless, under these circumstances, the defendants would have to be afforded a reasonable opportunity to conduct such further pretrial investigations and examinations before trial as they may deem advisable in view of these amendments (see *Rothenberg v Arista Truck Renting Corp.,* 36 AD2d 540). In addition, as a condition to the granting of the motion, I would impose costs of $500 upon plaintiffs to cover any inconvenience and wasted effort that may have been incurred in investigating plaintiffs' original theory.