■ NICK ROMAN, Respondent, v JOSEPH BINDER et al., Defendants and Third-Party Plaintiffs-Appellants. VULCAN FUEL CORPORATION, Third-Party Defendant-Respondent-Appellant. — In a negligence action to recover damages for personal injuries, the defendants third-party plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Lerner, J.), dated June 1, 1983, which granted plaintiff's motion for leave to serve a proposed supplemental bill of particulars and thereupon directed plaintiff, *inter alia,* to submit to a physical examination and appear for examination before trial with reference to the supplemental bill of particulars at least 10 days before trial and (2) as limited by their brief, from so much of an order of the same court, dated August 15, 1983, as upon renewal and reargument, adhered to the original determination. ¶ Cross appeal by the third-party defendant from the order dated June 1, 1983 dismissed as abandoned (22 NYCRR 670.20 [d]). ¶ Appeal by the defendants third-party plaintiffs from the order dated June 1, 1983 dismissed. That order was superseded by the order dated August 15, 1983. ¶ Order dated August 15, 1983, reversed insofar as appealed from, on the law and in the exercise of discretion, order dated June 1, 1983 vacated and motion denied. ¶ Defendants third-party plaintiffs are awarded one bill of costs payable by plaintiff-respondent. ¶ Although we are mindful of the liberal policy to be followed with

respect to a motion to amend a bill of particulars (see *Portilla v Boyke,* 51 AD2d 539), we are of the opinion that under the facts of this case it was an improvident exercise of discretion, resulting in prejudice to the defendants third-party plaintiffs, for the court to have permitted plaintiff to amend his bill of particulars to allege an injury he allegedly knew about soon after the original accident which took place some nine years ago, approximately seven years after the service of the original and supplemental bills of particulars, and after the action was restored to the Trial Calendar (see *Hird v General Motors Corp.,* 61 AD2d 832; *Blumenthal v Aponte,* 51 AD2d 699). In addition to this inordinate laches on plaintiff's part, we note that his motion papers were defective in form. Not only did plaintiff fail to submit a physician's affidavit showing with specificity a causal connection between the alleged injury and the original injuries sustained, but he also failed to submit an affidavit of reasonable excuse for delay in making the motion (see *Simpson v Canick,* 59 AD2d 738; *Blumenthal v Aponte, supra; Koi v P. S. & M. Catering Corp.,* 15 AD2d 775). Bracken, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.