■ LOUIS ACKERMAN, as Administrator of the Estate of HERMAN ACKERMAN, Deceased, Respondent, v. CITY OF NEW YORK et al., Appellants.— In an action to recover damages for conscious pain and suffering and for the wrongful death of plaintiff's intestate which occurred when an automobile which he was operating collided with one of the support pillars of an overhead bridge maintained by the defendant Long Island Rail Road Company, in which action a mistrial had been declared in order to give to said defendant and to its codefendant (the City of New York) an opportunity to move at Special Term for leave to amend their respective bills of particulars relating to their separate defenses of contributory negligence on the part of plaintiff's intestate, so as to expressly set forth the claim (based upon an autopsy report) that at or before the time of the accident the said intestate was in a state of intoxication, each defendant appeals from an order of the Special Term, Supreme Court, Kings County, dated April 10, 1964, which denied their respective motions to amend their bills of particulars, or, in the alternative, for a certification by the court that the amendment is unnecessary on the ground that the existing bills of particulars are legally sufficient to allow proof of such intoxication. Orders reversed, without costs; the motion of each defendant to amend its bill of particulars is granted; and the proposed amended bills now in the appeal records will be deemed the amended bills of particulars of the respective defendants. In our opinion, denial of the defendants' motions constituted an improvident exercise of discretion by the Special Term. Although in their original bills of particulars the defendants made no express mention of the intestate's alleged intoxication, the fact is that plaintiff's attorney, from the very inception of the action some five years ago, was well aware of defendants' intention to prove and to rely on the intestate's intoxication as an essential element of their pleaded defenses of contributory negligence. It is not disputed: (a) that in 1959 the city furnished to plaintiff's attorney, at his request, a copy of the autopsy report which indicated that the intestate, at the time of his death, had been in a state of intoxication; and (b) that in June, 1963, at a pretrial conference, the city's attorney stated explicitly that one of the grounds for its disclaimer of liability was the intestate's intoxication at the time of the accident. Under the circumstances, therefore, plaintiff cannot in good faith claim surprise or urge prejudice if defendants are now allowed to formally allege what plaintiff's attorney knew they intended to prove as part of their defense of contributory negligence. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.