■ ANNE BROWNSTONE, as Administratrix of the Estate of JOSEPH BROWNSTONE, Deceased, Respondent, v. TIMES SQUARE STAGE LIGHTING CO., INC., Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered on December 14, 1971, unanimously reversed, on the law, the motion for summary judgment dismissing the complaint, based upon breach of warranty and negligence, is granted, and the action severed as to defendant-appellant, without costs and without disbursements. In this case, the plaintiff, an experienced stage manager, while screwing on a cap to a bottle containing "flash powder", suffered the accident which is the subject of this action. The exact circumstances are equivocally presented, there being no affidavit from an eyewitness. However, the powder was received by the movant, Times Square Stage Lighting Co., Inc., in a sealed package, containing a warning label, as manufactured by Newco Products, Inc. (not appearing in the action). The retailer, Times Square, made no statements as to the use of the product; the label was plain, and in our judgment, the retailer had no duty to warn of the obvious. And it seems to be quite settled by now that a retailer cannot be held liable for injuries sustained from the contents of a sealed product even though a test might have disclosed a potential danger. There was no obligation upon it to make such a test. (*Alfieri* v. *Cabot Corp.*, 17 A D 2d 455, affd. 13 N Y 2d 1027.) And in any event, the plaintiff has not demonstrated the

sealed package was in a specifiably defective or dangerous condition. (*Campo v. Scofield*, 301 N. Y. 468; *Rosenzweig* v. *Arista Truck Renting Corp.*, 34 A. D. 2d 542.) Concur — Stevens, P. J., McGivern, Markewich, Murphy and Steuer, JJ.