■ FRANCINE HELLER et al., Respondents-Appellants, v ENCORE OF HICKSVILLE, INC.,et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. K. KADIN, INC., et al., Third-Party Defendants-Respondents-Appellants. (And a Fourth-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the cross-appeals are from a judgment of the Supreme Court, Nassau County, entered May 3, 1979, as resettled by an order of the same court dated November 27, 1979, which (1) is in favor of plaintiffs and against defendants Encore of Hicksville, Inc., and Richard Ruggiero in the principal sum of $150,000, upon a jury verdict, and (2) dismissed the third-party complaint and all cross claims and counterclaims. The parties have stipulated to discontinue the appeals as against Divina Products and Clairol, Inc. Judgment, as resettled, modified, on the law, by deleting therefrom the provision which is in favor of plaintiffs and against defendants Encore of Hicksville, Inc., and Richard Ruggiero and substituting therefor a provision dismissing the complaint. As so modified, judgment, as resettled, affirmed, without costs or disbursements. The bleaching process used by the hairdresser involved the application of the bleach mixture to strands of hair and then enclosing the strands in two to three inch strips of absorbent cotton. The record shows that the particular cotton used was no more flammable than absorbent cotton in general, and that the injured plaintiff knew that absorbent cotton is flammable. The parties agree that its flammability was not increased by the bleach mixture. The evidence showed that only a direct contact flame (not a cigarette spark) could cause the cotton to ignite. Therefore, the only reasonable explanation for the incident was that plaintiff, Francine Heller, in the course of lighting her cigarette, permitted the flame to reach the cotton. Under such circumstances the failure to warn the patron not to smoke during a "break" in the procedure did not constitute actionable negligence. There is no duty to warn of a product-connected danger which is obvious or known to the user (see *McDaniel v Williams,* 23 AD2d 729; *Brownstone v Times Sq. Stage Light. Co.,* 39 AD2d 892; see, also, Ann., 76 ALR2d 9, 28-30). Further, no liability attaches when a product is used in an unforeseeable manner (see 76 ALR2d 9, 36), such as the direct application of the flame of a match or cigarette lighter to absorbent cotton emplaced in the hair. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.