### (July 10, 1980)

■ LESLIE HAVAS et al., Respondents, v VICTORY PAPER STOCK CO., INC., Defendant and Third-Party Plaintiff-Appellant. MORGAN GUARANTY TRUST Co., Third-Party Defendant-Appellant.—Appeals (1) from a judgment of the Supreme Court, entered December 16, 1977 in Sullivan County, upon a verdict rendered at a Trial Term, in favor of plaintiffs against defendant Victory Paper Stock Co., and (2) from a judgment of the same court, entered January 3, 1978, which granted judgment in favor of third-party plaintiff against third-party defendant and apportioned damages therein, and (3) from an order of the same court, entered December 15, 1977, which denied the third-party plaintiff's and third-party defendant's motions to set aside the verdict. When this case was originally before this court (66 AD2d 953), we concluded that the trial court erred as a matter of law in denying third-party plaintiff's (Victory) and third-party defendant's (Morgan) motions to set aside the verdict in favor of plaintiff. Having so concluded, we did not consider other allegations of error. Upon appeal to the Court of Appeals, a divided court reversed and remitted the matter to this court for review of the facts pursuant to CPLR 5613 (49 NY2d 381). Defendant Victory's assignment of errors requiring reversal, advanced upon original appellate argument and renewed upon reargument, are (1) that the verdict was contrary to the weight of the credible evidence, (2) that the court's charge with respect to the act of loading a vehicle in connection with the use and operation of that vehicle unduly suggested to the jury that the Victory vehicle was covered by liability insurance during such an operation, and (3) that the court abused its discretion in denying defendant's motion, made immediately prior to jury selection, for a physical examination of plaintiff, or, in the alternative, that it not be required to accept plaintiff's supplemental bill of particulars served just three days earlier. We find no merit in the first two contentions advanced by defendant Victory. Given the existence of a duty of reasonable care premised on the risk reasonably to be perceived, we cannot say that the jury's verdict with respect to the issue of liability offends either fairness or rationality. Next, the claim that the Judge's charge prejudiced the defendant by suggesting that the Victory truck was

insured against the type of accident that occurred is meritless. A careful reading of the charge reveals no such suggestion. Review of the hearing held in connection with defendant Victory's attempt to resist accepting plaintiff's supplemental bill of particulars, or, in the alternative, being provided with the opportunity of having plaintiff physically and mentally examined, clearly demonstrates that the court abused its discretion in not granting a reasonable adjournment for the purpose of such medical examinations. The event precipitating plaintiff's injuries occurred on April 21, 1975. Issue was joined May 13, 1976. The original bill of particulars, dated August 18, 1976, made no claim for permanent loss of earnings. In fact, said bill specifically stated: "Commencing May 9, 1976 to the date hereof, plaintiff has been working on a five-day per week basis." Three days before trial commenced on November 1, 1977, plaintiff served a supplemental bill of particulars on defendant Victory in which a claim of $113,583.33 for lost earnings was made, said loss being attributed to plaintiff's early retirement caused by the severity of his injuries. The court charged that if liability was resolved in plaintiff's favor, an element of his damages could be lost future earnings to be determined by income and life expectancy. Although the jury was not requested to particularize damages, it nonetheless did so and awarded plaintiff the sum of $100,000 for lost future earnings, in addition to $50,000 for pain and suffering.[1] Clearly, since the trial of this action was in November, 1977, the plaintiff was not entitled to the advantages of the 1978 amendment to CPLR 3042 (L 1978, ch 296, § 1) authorizing a party to amend a bill of particulars as of right without court leave.[2] Equally as clear, and for the same reason, is the unavailability of the 1979 amendment to CPLR 3043 (L 1979, ch 590, § 1) which permits supplementation of a bill of particulars as of right "with respect to claims of continuing special damages and disabilities". Such supplementation must be made "not less than thirty days prior to trial."[3] Thus, in 1977 it was necessary for a plaintiff to seek court leave by motion to amend or supplement a bill of particulars. Such motions were liberally granted in the absence of prejudice (*Kerlin v Green,* 36 AD2d 892), and it was considered an abuse of discretion to deny such relief where the defendant had knowledge of the item sought to be added to the bill by amendment or supplementation (*Ackerman v City of New York,* 22 AD2d 790). In fact, we held that the absence of demonstrated prejudice permitted the amendment to be made at the trial itself (*Lukaris v Harrison Vending Systems,* 28 AD2d 1019). Here, however, not only did plaintiff fail to seek court approval to supplement his bill of particulars, the defendant clearly established that, until it received the supplemented bill three days prior to trial, it had no knowledge that plaintiff had not continued to be employed from May 9, 1976, as indicated in the original bill of particulars. Prejudice was present and that part of the verdict awarding plaintiff $100,000 for loss of future earnings defined the extent of prejudice. Judgments and order reversed, on the law and the facts, with costs, and a new trial on the issue of damages ordered. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.

■   In the Matter of MARK A. LOREN, Petitioner, v BOARD OF EXAMINERS

1. The jury verdict also included $20,000 for plaintiff wife's derivative action.

2. Application of the 1978 amendment would not alter the result herein since amendment of a bill of particulars as of right must be made prior to the filing of a note of issue.

3. Here, attempted supplementation was made three days prior to trial.