■ HAROLD SOLOMON et al., Respondents, v DAVID STROLER, Appellant. — Judgment, Supreme Court, New York County (Bernheim, J., and a jury), entered June 17, 1980, awarding plaintiffs Harold and Hazel Solomon the respective sums of $90,360 and $25,100 against the defendant, unanimously reversed, on the law, and a new trial ordered on the limited issue of damages, without costs. The record indicates that the vehicle driven by plaintiff Harold Solomon was struck in the rear by a vehicle owned and operated by David Stroler. Thus, there was ample evidence to support the verdict on the issue of liability. We find no error of such a prejudicial magnitude as to warrant a new trial on the liability issue. However, prejudicial error was committed at trial on the issue of damages. In Item No. 4 of his bill of particulars, Harold stated that he had sustained the following personal injuries in the occurrence: "Discogenic involvement of the lumbar spine; Marked narrowing of the inter-

vertebral disc spaces of the lumbar spine; Plaintiff was confined in the Arthur Logan Hospital in heavy traction for approximately 16 days; Severe lumbosacral injury; As a result of the above the plaintiff suffers from severe pain and restriction of motion of the low back, inability to maintain the lower spine, loss of the articulation of the low back; pain radiating to the lower extremities, pain is markedly severe on changes of weather, all with involvement of the surrounding muscles, tendons, ligaments, blood vessels, nerve endings and soft tissue all with resultant pain, deformity and disability". Plaintiff was thus bound by the specifications in his bill. (*Voccia v Pleasure Boat Co.,* 239 App Div 165, affd 264 NY 656.) We find no predicate in any of the allegations in Item No. 4 of the bill that would have properly permitted testimony as to Harold's purported (i) urinary incontinence, (ii) sexual incapacity, (iii) stuttering, (iv) nervous condition and (v) limp. The trial court erred in permitting testimony to remain in the record on these alleged injuries. A similar error was made with regard to Item No. 7 in the bill. Harold stated in that item that he "was caused to be incapacitated from his employment for a period of approximately four weeks". It was error to accept testimony as to his inability to work after the passage of that four-week period. For the foregoing reasons, a new trial must be held on the limited issue of damages. Concur — Murphy, P. J., Kupferman, Sandler, Ross and Silverman, JJ.