## (September 8, 1981)

■ JEANNE JOHNSON, as Parent and Natural Guardian of JANICE JOHNSON, an Infant, Appellant, v SCHOOL DISTRICT OF THE CITY OF POUGHKEEPSIE et al., Respondents. — In an action to recover damages for personal injuries, etc., plaintiff appeals, upon the ground of inadequacy, from a judgment of the Supreme Court, Dutchess County (Quinn, J.), entered May 12, 1980, in her favor, in the principal sum of $10,000. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the Supreme Court, Dutchess County, for a new trial on the issue of damages only. Due to the negligence of defendants, the infant plaintiff suffered burns over 9% of her body. In the original medical report supplied by plaintiff dated September 22, 1977, it was stated that the burns were only first and second degree. The bill of particulars, served subsequently, described the burns as second and third degree. Immediately prior to trial, in April, 1980, the same physician who had previously examined the infant plaintiff, examined her again and determined that in fact some of the burns were third degree. The trial court, pursuant to section 672.8 of the Rules of the Supreme Court, Appellate Division, Second Department, refused to permit the doctor to testify that third degree burns were suffered by the plaintiff. Said section states, in part, that "no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged" (22 NYCRR 672.8). Under the circumstances of this case, we find that the trial court construed this rule too strictly. Third degree burns, as contrasted to second or first degree, cannot be considered an injury or condition. Rather, it relates to the severity of the injury or condition known to exist and previously put in issue in the medical report. Although defendants claimed surprise and prejudice, there is none that is apparent. Testimony regarding "third degree" burns would be appropriate

and relevant on the issue of damages for pain and suffering. Therefore, a new trial on the issue of damages alone is required. We note further that the Trial Judge was unduly restrictive regarding evidence of permanency of plaintiff's injuries, as well as the humiliation and anxiety she suffered because of the injuries. Such are appropriate items to be considered at the new trial in determining damages. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.