■ HENRY F. O'NEILL, Individually and as Administrator of the Estate of LAURA A. O'NEILL, Deceased, Respondent, v PAUL J. R. SCHLESSINGER et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County (Egeth, J.), entered October 9, 1981, denying defendants' motion for an order precluding plaintiff from offering evidence at trial upon the issue of lost earnings of decedent as an element of damages, affirmed, without costs and disbursements. In both the complaint and bills of particulars in this action for wrongful death and pain and suffering allegedly as a result of medical malpractice, plaintiff stated that no claim for lost earnings of decedent as an item of special damages was being made. During the course of discovery, such assertion was again made. However, during the course of a deposition of plaintiff in February, 1979, plaintiff gave testimony regarding the nature and duration of decedent's employment prior to her death, specifically identifying decedent's employer and weekly earnings; and stated that income tax returns are available to verify these earnings. At a subsequent court conference on September 16, 1981, plaintiff's counsel declared an intent to seek amendment of the bills of particulars to include the claim of lost earnings. The court, in the order appealed from herein, permitted the amendment, conditioned on plaintiff's submitting to discovery thereon, including a further deposition and authorizations for defendants to contact the decedent's former employer and obtain the relevant income tax returns, thereby denying defendants' motion for an order precluding such claim. There is no abuse of discretion by the court in allowing the lost earnings claim to be asserted, as defendants have not shown that they would be prejudiced thereby. Defendants were apprised of the supporting facts of the lost earnings claim at plaintiff's deposition in February, 1979, and are afforded opportunity through further discovery in order to prepare for trial on this issue as conditioned in the court's order. Amendments to bills of particulars should be liberally granted in the absence of prejudice (see *Havas v Victory Paper Stock Co.,* 77 AD2d 698). While defendants are justified in claiming surprise, the fact remains that they had knowledge of the supporting elements of the claim now asserted for lost earnings, and the court has aptly conditioned its order on further discovery (cf. *Ackerman v City of New York,* 22 AD2d 790). Concur — Sandler, J. P., Ross and Lupiano, JJ.

Silverman and Lynch, JJ., dissent in a memorandum by Silverman, J., as follows: The appeal is by defendants from an order denying defendants' motion for an order of preclusion of proof of plaintiff's intestate's loss of earnings. We would reverse and grant the motion. Ordinarily the grant of denial of such an order would rest essentially in the sound discretion of the trial court. But in the present case, there have been repeated explicit judicial declarations by plaintiff that no claim is made for lost earnings. (Cf. Richardson, Evidence [10th ed], Formal Judicial Admissions, § 216.) Such declarations were made in bills of particulars in July and October, 1977. On February 26, 1979 at a deposition of plaintiff administrator, when inquiry was made about income tax returns, the statement was again made by plaintiff's attorney that "there is no claim of lost earnings by the estate or of the wife." Nevertheless, on September 16, 1981, at a pretrial conference, the court permitted an amendment of the bill of particulars to include a claim of lost earnings and denied defendants' motion to preclude such proof. Plaintiff should not be permitted to disregard such solemn formal assurances without some explanation of why the assurances were given and why plaintiff should be excused from them. In the absence of such an explanation, due respect for the seriousness of such formal statements

by attorneys should lead either to holding the party to the statements or, at a minimum to some sanction by way of costs. It is not enough to say in effect that a lawyer's solemn assurance is "no longer operative."