■ ALAN VARAN et al., Respondents, v TRI-CITY RENTALS, INC., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County (Aronin, J.), entered September 25, 1981, which (1) granted the plaintiffs' motion, *inter alia,* to compel it to accept service of their supplemental bill of particulars, and (2) denied its motion to vacate the plaintiffs' note of issue and statement of readiness. Order modified, by adding provisions (1) that Item No. 11 of the plaintiffs' supplemental bill of particulars is stricken and (2) that the granting of the plaintiffs' motion to compel acceptance of their supplemental bill of particulars is conditioned upon the payment of $500 by the plaintiffs' attorney to the defendant's attorney and that if payment is not made that the motion is denied. As so modified, order affirmed, without costs or disbursements. Plain-tiffs' attorney shall make the payment within 15 days after service upon him of a copy of the order to be made hereon, with notice of entry. Special Term did not abuse its discretion in compelling the defendant to accept service of the plaintiffs' supplemental bill of particulars nor in refusing to strike the action from the Trial Calendar. However, since the supplemental bill of particulars was inadvertently served some three days after the time fixed by order of the court, the plaintiffs' attorney should be required to pay the sum of $500 to the defendant's attorney as a condition of that acceptance (see *Vecchione Constr. Corp. v Efros,* 85 AD2d 633; see, also, *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239). Moreover, the court erred in permitting the plaintiffs to incorporate a "new" injury into their supplemental bill of particulars in the absence of the requisite medical affidavit (see *Davis v Brown,* 70 AD2d 873,

874; *White v Jewish Hosp. & Med. Center of Brooklyn,* 60 AD2d 627, 628).
Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.