■ PATSY BOGGI et al., Appellants, v JOHN MURPHY et al., Respondents. — In an action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Gagliardi, J.), entered January 9, 1984, as (1) granted defendant Curry's motion to vacate their amended verified bill of particulars dated October 14, 1983, (2) denied their cross motion for leave to serve the amended verified bill of particulars, and (3) granted that branch of defendant Curry's second motion which sought to vacate Dr. Paul Post's report dated October 18, 1983 and prohibit plaintiffs from offering evidence at trial with respect to this doctor's examination and findings.

Order modified by deleting the third, fourth, fifth and sixth decretal paragraphs and substituting therefor the following:

"ORDERED, that the motion of defendant, ROBIN A. CURRY, to vacate the amended verified bill of particulars dated October 14, 1983 is granted only insofar as it refers to pulmonary emboli, depression and anxiety state, and increased back pains from physiotherapy, and it is further

"ORDERED, that the plaintiffs' cross motion for leave to serve the amended verified bill of particulars is granted except insofar as reference is made therein to pulmonary emboli, depression and anxiety state, and increased back pains from physiotherapy; the amended verified bill of particulars is deemed served with those references stricken, it is further

"ORDERED, that the motion of defendant Curry to vacate the report of Dr. Paul Post dated October 18, 1983 and prohibit plaintiffs from offering evidence at trial with respect to his examination is denied".

As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

With the exception of pulmonary emboli, depression and anxiety, and increased back pains from physiotherapy, the injuries contained in the amended verified bill of particulars dated October 14, 1983 were sufficiently documented in the original bill of particulars and the medical records served upon defendants prior to trial to apprise them of the existence of these injuries. Indeed, Curry, who was the only defendant heard to complain at nisi prius about service of the amended verified bill of particulars, herself admitted in her motion papers notice of most of these injuries. Under these circumstances, defendants cannot claim surprise or prejudice except as respects the three stated injuries, and nisi prius improvidently disallowed the amended verified bill of particulars except with regard to those three injuries (see *Havas v Victory Paper Stock Co.*, 77 AD2d 698; *Lukaris v Harrison Vending Systems,* 28 AD2d 1019; *Ackerman v City of New York,* 22 AD2d 790).

In like fashion, defendants cannot show prejudice resulting from Dr. Post's report (or testimony at trial). An examination of his report reveals that it is essentially a recital of plaintiff patient's history as documented by the medical records previously furnished to defendants. Whatever references it contains to Post's X rays of the patient's legs and right elbow, they presented no new findings that had not been disclosed in the medical records previously served. Accordingly, the court should not have granted preclusion of Dr. Post's report and testimony (see *Johnson v School Dist.,* 83 AD2d 931). Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.