■ HARRY SIMINO et al., Respondents, v ST. MARY'S HOSPITAL OF BROOKLYN, CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Defendants, and ATUL CHOKSKI et al., Appellants. — In a medical malpractice action, defendant Chokski and Mahaderia appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated August 19, 1983, as granted plaintiffs' cross motion for leave to amend their bill of particulars.

Order affirmed insofar as appealed from, without costs or disbursements.

Plaintiffs instituted this action alleging, *inter alia,* that plaintiff Harry Simino was improperly placed on a table while undergoing medical treatment and subsequently fell to the floor due to appellants' negligence. After issue was joined, on or about December 20, 1982, plaintiffs served a bill of particulars on each of the appellants which listed numerous injuries, most notable of which were a severe fracture of the left clavicle and a dislocation of the right shoulder. On or about May 19, 1983, plaintiffs served a further bill of particulars alleging additional injuries. It is not disputed that plaintiffs had a right to amend their bill of particulars as a matter of course pursuant to CPLR 3042 (subd [g]).

However, on or about July 5, 1983, plaintiffs served a "NO-TICE" on appellants stating that they were further amending their bill of particulars "to include an injury to plaintiff's left eye area". Appellants moved for a protective order against the notice, claiming that plaintiffs had to seek leave of the court to further amend their bill of particulars and that affidavits stating the merits of the action and the reasons for the delay, as well as a medical affidavit demonstrating the causal connection between the resulting disabilities and the original injuries, had to be included with any motion for such leave. Plaintiffs then cross-moved for leave to amend the bill of particulars to the extent stated in the notice. They included an affidavit of merits

and attached hospital records which indicated that appellants had notice of the injury. However, no medical affidavit was included, nor was any reason given for the delay.

Special Term granted appellants' motion striking the notice dated July 5, 1983. However, it also granted the cross motion to amend the bill of particulars. It noted that plaintiffs' papers were inadequate but stated that in view of the fact that plaintiff Harry Simino had not yet undergone a physical examination, no prejudice had been demonstrated by appellants. Plaintiffs then served an amended further bill of particulars adding to their list of injuries, the allegation that plaintiff Harry Simino had suffered an "[i]njury to left orbit and surrounding areas", and this appeal followed.

It is clear that when plaintiffs seek leave to amend bills of particulars by asserting a new injury, they must show reasons for the delay in asserting the injury and include a medical affidavit showing a causal connection between the alleged injury and the original injuries sustained (*Roman v Binder,* 100 AD2d 541; *Varan v Tri-City Rentals,* 90 AD2d 501; *Koi v P.S. & M. Catering Corp.,* 15 AD2d 775). However, the case at bar is distinguishable from those cited above by the total lack of prejudice to the appellants. Plaintiffs' amendment was proposed early in the discovery proceedings. No physical examination had been conducted, no depositions had been taken, no certificate of readiness had been filed and there was no inordinate delay between the time that the amendment was proposed and the times that the original and the further bills of particulars were served. The lack of prejudice to appellants is further demonstrated by the fact that the injury plaintiffs sought to add to the bill of particulars was included in the hospital records. Thus, appellants could not claim surprise as to that injury (see *O'Neill v Schlessinger,* 86 AD2d 842; *Havas v Victory Paper Stock Co.,* 77 AD2d 698; *Ackerman v City of New York,* 22 AD2d 790).

It is well settled that motions for leave to amend bills of particulars are to be liberally granted in the absence of prejudice (*Straut v Fox,* 93 AD2d 979; *Cardy v Frey,* 86 AD2d 968; *Portilla v Boyke,* 51 AD2d 539; *Kerlin v Green,* 36 AD2d 892). Therefore, it cannot be said that Special Term abused its discretion in granting plaintiffs' cross motion. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.