(December 30, 1985)

■ ANTHONY BARZAGHI, Appellant, v MAISLIN TRANSPORT, Respondent.—In an action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County

(Mirabile, J.), dated July 11, 1983, as dismissed his seventh and eighth causes of action at the close of the entire case and dismissed his first and fourth causes of action upon a jury verdict in favor of the defendant.

Judgment affirmed, insofar as appealed from, with costs.

The plaintiff, a truck driver for Mars Trailer Transport Co., was injured on March 15, 1979, while making a delivery of cartons to the receiving platform of defendant's warehouse in Kearney, New Jersey. The complaint alleged, *inter alia,* that (1) the plaintiff, while "carefully utilizing a ladder for egress from one of the bays", fell to the ground and suffered injuries to his foot and (2) the defendant was negligent in furnishing a defective and unsafe ladder to plaintiff, which caused his injuries.

On the instant appeal, the plaintiff argues, *inter alia,* that the jury's verdict in favor of the defendant must be reversed and a new trial granted as to his first and fourth causes of action due to several erroneous evidentiary rulings by the trial court. Specifically, the plaintiff argues that the trial court erred in (1) ruling that his expert's testimony regarding certain regulations of the Federal Occupational Safety Health Administration (hereinafter OSHA) was inadmissible and instructing the jury to disregard this testimony and (2) admitting into evidence a portion of plaintiff's hospital chart, wherein the plaintiff indicated that "he fell off a loading platform".

We disagree with those arguments of the plaintiff.

Turning to the issue of the admissibility of the plaintiff's expert's testimony regarding the OSHA regulations, the record indicates that during the introductory testimony of the plaintiff's expert, the latter testified that he had written articles, papers and books concerning occupational safety standards. Plaintiff's counsel then asked the expert: "Is that OSHA that we made reference to?" At that point, the defendant's counsel requested a bench conference outside the presence of the jury and during the course thereof, moved to preclude the expert witness from testifying about any OSHA regulations. Specifically, the defendant's counsel argued that "OSHA deals with an employer-employee relationship and sets standards with employers with regard to his [sic] employees". Since the plaintiff was not an employee of the defendant, but only its invitee, defendant's counsel argued that "there [was] no relationship amongst the parties as to allow OSHA [regulations] to be offered as a standard in which the employer

is to be held to". The trial court ruled that the question posed by plaintiff's attorney only concerned the expert's qualifications, i.e., his contributions to the promulgation of OSHA regulations, and that, therefore, the objection by defendant's counsel was premature. After the jury returned, the plaintiff's expert explained what was meant by an OSHA regulation, i.e., "a federal regulation adopted by the United States Department of Labor" which is applicable to all the States, and also explained the nature and function of the American National Standards Institute (hereinafter ANSI), which he had referred to earlier in his testimony. With respect to the latter, the plaintiff's expert testified that ANSI was: "an organization here in the City of New York. It's a national organization. Headquarters, 1430 Broadway. They formed, have committees formed of experts in various fields to promulgate standards of safety or specifications and what have you. These standards, once they are drafted, they are submitted to the public for review and comment, and if there are no deficiencies in the standard [sic] they are put before the ANSI Board and considered for adoption, and if adopted become a [sic] national standard [sic] for the industry of that particular subject".

Thereafter, the plaintiff's expert testified that the ladder used by plaintiff had rungs which were "above the floor of the loading platform". The plaintiff's expert was then allowed to testify, over objection by defendant's counsel, that OSHA had promulgated safety standards relative to the type of ladder used by the plaintiff, and that the ladder used by the plaintiff violated OSHA regulations since: "Federal OSHA regulations state that there will be no rung above the level of the floor you are ascending to and [the] last rung in the ladder as you reach the elevation should be in line with the floor which in this case it is not. The side rail and ladder should be widened out the minimum width of two feet, in addition, the width approximately 3 feet, so the person can step on the last rung and pass between the side rail of the ladder so they[sic] do not lose their [sic] balance when gaining access or egress from the ladder".

The plaintiff's expert also testified that the design of the ladder supplied by defendant and used by plaintiff also violated the standards promulgated by ANSI for the same reasons. Finally, the following hypothetical question was asked of the expert by plaintiff's counsel, and the following answer was given:

"Q. Assume that, sir, and this was back in April 15, 1979, that Mr. Barzaghi started to descend and as he reached over

to descend that ladder and reached down with his left hand and then placed his left foot on the rung which is a little below the floor of the platform, that he lost his balance and fell about five feet down to the debris-laden ground which would be below the ladder.

"Assume all those facts to be true, sir, do you have an opinion with a reasonable engineering certainty as to whether the ladder in question was in compliance with safety standards as set forth in the OSHA regulations and the National Safety Code back in 1979?

"A. I have an opinion * * *

"Number one, the ladder depicted in these photographs did not conform to OSHA's standard for fixed ladder or pass-through type nor did they [sic] comply with the American National Standards Institute standard A-14 for pass-through ladders in that it had rungs above the floor level. The rungs, the side rails are, apparently, less than three and a half feet high * * *

"I stated that there are rungs above the loading dock level. The upper level and the ladder rung that you were intended to step on, when you step from the upper loading dock level, is below the level of the loading dock. Both of these are violations of the safety standards for the design of the ladder".

Prior to the cross-examination of the plaintiff's expert, the defendant's attorney requested, *inter alia,* that the trial court instruct the jury, in accordance with a decision of the United States Circuit Court of Appeals for the Fifth Circuit in *Barrera v Du Pont De Nemours & Co.* (653 F2d 915, *reh denied* 661 F2d 931), to disregard the testimony of the plaintiff's expert regarding OSHA regulations, on the ground that OSHA regulations only created duties between employers and their employees, and not between employers and their invitees. The trial court noted that the legal argument of the defendant's counsel was "tenable", and also advised the plaintiff's counsel that the plaintiff's bill of particulars was totally devoid of any reference to a violation of OSHA regulations. In response to the trial court's expression of concern about the possibility of declaring a mistrial, defense counsel conceded that the plaintiff's expert had properly testified about the ANSI standards, which were virtually identical to those of OSHA. Accordingly, the defendant's counsel argued that a curative instruction to the jury, to the effect that OSHA regulations were not applicable, was all that was necessary. In response, the plaintiff's counsel argued that OSHA regulations were not limited to

employers and their employees. With respect to any omission of OSHA from the bill of particulars, the plaintiff's counsel stated: "If I have left out the exact name, OSHA, by omission of that, I nevertheless have incorporated the language of the OSHA".

The trial court indicated that it agreed with defendant's counsel "that an error was made", and stated: "the Court overrules himself [sic] and sustains the defendant's objection to its admissibility and on the ground that you did not specifically specify OSHA at anytime in your bill of particulars".

The court then instructed the jury as follows: "I must advise you that whatever testimony you heard with reference to OSHA—I'm sure you remember that that was referred to by Mr. Stafford—is no longer a part of this case and you must remove anything that he said with reference to OSHA out of your minds. It is not part of this case and that testimony should not be considered by you".

After the defendant rested, the plaintiff's counsel moved to (1) "reopen the plaintiff's case for the purpose of rearguing the motions * * * pertaining to court decisions in accepting the * * * position to exclude OSHA regulations" and (2) amend the bill of particulars to conform to the proof if the court accepted the plaintiff's argument that OSHA regulations did create a duty between employers and their invitees. After reading the cases submitted by both counsel, the trial court adhered to its original ruling, i.e., that OSHA regulations did not create duties between employers and their invitees and were therefore "not part of this case at all". Consequently, it did not rule on the plaintiff's second motion, i.e., to amend the bill of particulars so as to add a reference to a violation of OSHA regulations.

It is beyond cavil that the violation of a rule of an administrative body constitutes "some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject" (Schumer v Caplin, 241 NY 346, 351; Conte v Large Scale Dev. Corp., 10 NY2d 20). The trial court recognized the vitality of this principle when it initially allowed the plaintiff's expert to testify concerning the defendant's alleged violation of OSHA regulations. Its subsequent decision to strike the expert's testimony in this regard was based on the holding of the United States Fifth Circuit Court of Appeals in Barrera v Du Pont De Nemours & Co. (653 F2d 915, supra), i.e., that OSHA regulations only created duties between employers and their own employees and not

between employers and their invitees. However, the United States Second Circuit Court of Appeals has held to the contrary, i.e., that the duty to comply with OSHA regulations "is in no way limited to situations where a violation of a standard is linked to exposure of [the employer's] employees to the hazard" but also applied to employees of "other employers engaged in a common undertaking" *(Brennan v Occupational Safety & Health Review Commn.,* 513 F2d 1032, 1038). The decision in *Brennan (supra),* which was not brought to the trial court's attention, seriously calls into question the trial court's ruling precluding the plaintiff's expert from testifying concerning the defendant's violation of OSHA regulations. Nevertheless, the trial court's ruling on this issue may be upheld on a separate and distinct ground, i.e., the plaintiff's failure to mention the OSHA regulations in his bill of particulars. It appears that the defendant, in its demand for a bill of particulars, asked the plaintiff to indicate, *inter alia,* which regulations had been violated by it. In response to this proper demand *(see, Brady v Benedictine Hosp.,* 74 AD2d 937), the plaintiff served two bills of particulars upon the defendant, dated April 1980 and May 2, 1980, respectively, and failed to claim in either one that any OSHA regulations had been violated by defendant. Only the ANSI standards were mentioned in these bills of particulars. True, it has been held that the same standard that governs motions to amend pleadings, i.e., that leave to amend pleadings should be freely granted at any time in the absence of prejudice *(see,* CPLR 3025 [b], [c]; *Fahey v County of Ontario,* 44 NY2d 934; *Murray v City of New York,* 43 NY2d 400), applies to motions to amend a bill of particulars *(Kerlin v Green,* 36 AD2d 892; *Ackerman v City of New York,* 22 AD2d 790; *Lukaris v Harrison Vending Sys.,* 28 AD2d 1019; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:8, p 686). However, in the case at bar, the plaintiff failed to give any reason, much less "a good" reason, for the lateness of his motion (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:9, p 687). Even more importantly, the defendant would have been prejudiced by the sudden injection into the trial of testimony regarding the defendant's violation of safety regulations promulgated with the imprimatur of the Federal Government *(cf. Gorlin v Master Contr. Corp.,* 15 Misc 2d 1). Accordingly, the trial court did not abuse its discretion or commit error when it ruled that the plaintiff's expert could not testify as to any violation of OSHA regulations *(Voccia v Pleasure Boat Co.,* 239 App Div 165, *affd* 264 NY 656; *Solomon*

*v Stroler,* 82 AD2d 756). Finally, even assuming, arguendo, that the defendant would not have been so prejudiced and that the trial court, therefore, did abuse its discretion or commit error in precluding the plaintiff's expert from testifying as to the violation of OSHA regulations, any error in this regard would be harmless since it probably would not have had a substantial influence upon the result of the trial, *(see,* CPLR 2002; *Walker v State of New York,* 111 AD2d 164; *Hansell v Galvani,* 286 App Div 1019, *rearg and lv denied* 286 App Div 1104, *lv denied* 309 NY 1035). Considering (1) the other testimony of the plaintiff's expert which was allowed into evidence, i.e., that the defendant violated virtually identical standards promulgated by ANSI and (2) the court's charge that the jury could consider a departure from the ANSI standards as some evidence of negligence, the effect of any testimony regarding OSHA would have been, from the standpoint of content, merely cumulative. Therefore, the improper exclusion of this testimony, if improper it was, is insufficient to warrant a reversal of the judgment.

With respect to the admission into evidence of a part of the hospital chart, the record indicates that the defendant called as one of its witnesses a woman who at the time of the accident was employed by the Veteran's Administration as a "Social Worker for the cardiac service" at one of its hospitals in Brooklyn. She was then asked the following question by the defendant's counsel and gave the following answer:

"Q. And as part of your job, for the V.A. Hospital were you * * * required to speak to patients and record in the hospital charts your conversations and your findings?

"A. Yes".

Plaintiff's counsel objected to the form of the question and specifically to the use therein of the word "findings". The question was rephrased by the defendant's counsel as follows: "Q. As part of your job, were you required to speak to patients and record these conversations in the hospital chart of that patient?"

The witness answered in the affirmative. Plaintiff's counsel then asked the defendant's counsel for an offer of proof. After the trial court granted the request, the defendant's counsel stated as follows: "MR. SCAFFIDI: Miss Naylor is a social worker who entered into a hospital record a portion of a conversation concerning the history of this accident. It appears in the certified copy which is here in Court and states specifically that the initial accident happened when he fell off a loading

platform on his job as truck driver, and that's the only portion of this that I wish to introduce into evidence".

Plaintiff's counsel indicated that he had "[n]o objection". The following direct testimony was then adduced from the witness:

"Q. Miss Naylor, as part of your duties, were you required to take a history and enter that into the hospital chart?

"A. Yes.

"Q. In the course of your employment at the V.A. Hospital did you come to interview a Mr. Anthony Barzaghi?

"A. Yes.

"Q. And did you either ask him about an accident, or did he convey to you the facts surrounding an accident which you entered into the hospital chart?

"A. Yes.

"Q. And, Ma'am what he told you you would write down in that hospital chart"

"A. Yes.

"Q. And would you editorialize or would you write down what he said?

"A. I wrote down what he said to the best of my memory".

Defense counsel then offered one sentence from the entry in the hospital chart written by the witness, i.e.: "The initial accident happened when he fell off a loading platform on his job". Again, no objection was made by plaintiff's counsel to the introduction of this one sentence into evidence, as the following colloquy demonstrates:

"MR. SCAFFIDI: I would offer that part of the hospital record that she wrote down.

"THE COURT: You are offering it in evidence?

"MR. SCAFFIDI: Yes, I am.

"THE COURT: If he is offering it—

"MR. SERGI: Just that one sentence?

"MR. SCAFFIDI: Yes, it's the history. That's it.

"MR. SERGI: The part we were discussing outside? I don't want anything else. What we discussed outside, I have no objection to.

"THE COURT: Okay.

"MR. SCAFFIDI: Your Honor, I would offer that one portion in evidence.

"THE COURT: The portion that we discussed outside?

"MR. SCAFFIDI: Exactly.

"THE COURT: Any objection?

"MR. SERGI: No objection, your Honor.

"THE COURT: All right, that is the Defendant's C. (Defendant's Exhibit C marked in evidence.)"

In the absence of any timely objection, defendant waived his right to object or claim that the introduction into evidence of this sentence from the hospital chart constituted error (Richardson, Evidence § 537, at 529 [Prince 10th ed]). In any event, the introduction of this sentence from the hospital chart into evidence, at the conclusion of the direct testimony of the witness, was proper either under the business record exception to the hearsay rule or as an admission by plaintiff (CPLR 4518 [a]; *Williams v Alexander,* 309 NY 283, 288; *People v Conde,* 16 AD2d 327, 330, *affd* 13 NY2d 939; *Roberto v Nielson,* 288 NY 581; *Kelly v Wasserman,* 5 NY2d 425; *Chemical Leaman Tank Lines v Stevens,* 21 AD2d 556; *Zaulich v Thompkins Sq. Holding Co.,* 10 AD2d 492; *Toll v State of New York,* 32 AD2d 47; Richardson, Evidence §§ 209, 299, 302 [Prince 10th ed]). The subsequent cross-examination of the witness by the plaintiff's counsel, which elicited some wavering by the witness as to whether it was the plaintiff himself who told her how the accident happened, merely presented the jury with an issue of credibility (Richardson, Evidence § 464, at 452 [Prince 10th ed]).

We have examined the plaintiff's remaining arguments and find them to be without merit. Mangano and Gibbons, JJ., concur.

Lazer, J. P., concurs and votes to affirm the judgment, insofar as appealed from, with the following memorandum: I join in the vote to affirm but my reasoning relative to the OSHA issue is somewhat narrower. I do not believe it was an abuse of discretion on the part of the Trial Judge to refuse to permit amendment of the bill of particulars to permit testimony that defendant had violated OSHA regulations.

The amendment sought was certainly one of substance; if the OSHA regulations were applicable and admitted, the jury would have had evidence that government regulations were violated. But considering the lateness of the motion, the heated dispute over the state of the law and the claim of surprise and prejudice, it was not an abuse of discretion to exclude the evidence and not permit amendment of the bill of particulars, even if the trial court misread the cases relative to the applicability of the OSHA regulations.

Brown, J., dissents and votes to reverse the judgment, insofar as appealed from, and grant a new trial, with the following memorandum in which O'Connor, J. concurs: While the majority would seem to agree that the trial court may have erred in concluding that the OSHA standards had no bearing upon this case *(see, Brennan v Occupational Safety & Health Review Commn.,* 513 F2d 1032; *contra, Barrera v Du Pont De Nemours & Co.,* 653 F2d 915, *reh denied* 661 F2d 931), they would nonetheless uphold the ruling of the trial court on the ground that plaintiff had failed to allege a violation of such standards in his bill of particulars. It is my opinion, however, that the trial court's refusal to permit amendment of the plaintiff's bill of particulars and to admit the testimony of the plaintiff's expert relating to OSHA standards justifies a new trial.

It cannot be gainsaid but that leave to amend pleadings should be freely granted where the proposed amendment is meritorious and there is no showing of prejudice to the opponent (CPLR 3025 [b], [c]; *Fahey v County of Ontario,* 44 NY2d 934). The same is true with regard to amendment of bills of particulars *(see, Simino v St. Mary's Hosp.,* 107 AD2d 800). The issue is one addressed to the discretion of the court. In essence, Special Term denied the plaintiff's motion to amend his bill of particulars to allege an OSHA violation on the ground that the proposed amendment was without merit. To the contrary, however, as heretofore indicated, the plaintiff's argument that the alleged violation of the OSHA standards constituted some evidence of negligence was meritorious *(see, Brennan v Occupational Safety & Health Review Commn., supra).* Under the circumstances, Special Term should have granted the motion to amend *(see, Herrick v Second Cuthouse,* 64 NY2d 692), particularly since the defendant would have not suffered any prejudice as a result of such amendment.

The OSHA standards are admittedly virtually identical to those standards promulgated by ANSI, which were referred to in the plaintiff's bill of particulars and with respect to which expert testimony was admitted at trial. Therefore, in terms of preparation of a defense, violation of the same standard of care would be equally applicable to either set of standards. While the OSHA standards are, as noted by the majority, cloaked with the imprimatur of the Federal government and thus may conceivably be accorded greater weight by the jury, that factor does not constitute the type of prejudice which would warrant denial of the motion to amend the bill of particulars.

Moreover, I cannot conclude that the exclusion of the testimony as to the OSHA standards was harmless to the plaintiff's case. It is true that the plaintiff was permitted to place before the jury evidence that the defendant violated the nearly identical ANSI promulgations and that the court instructed the jury that they could consider such violation as some evidence of negligence. However, the plaintiff was entitled to have the jury consider that the conduct may have also violated the regulations of a Federal agency and to consider that violation as additional evidence of negligence. It is precisely because that additional evidence carries the imprimatur of the Federal government that I do not consider it to be merely cumulative in this case. Moreover, the prejudice to the plaintiff was compounded by the fact that the jury was first permitted to hear the evidence regarding the OSHA standards and then instructed to disregard it, thus possibly misleading them as to whether the defendant's conduct was a violation of the OSHA standards.

Accordingly, while I concur with the majority's conclusion that the trial court correctly admitted a part of the plaintiff's hospital chart into evidence, I am not prepared to say that the exclusion of the testimony relating to the OSHA standards had no substantial effect upon the result of the trial (cf. *Walker v State of New York,* 111 AD2d 164).