■ FRANK E. GERMANA et al., Respondents, v CHASE MAN-HATTAN BANK, N. A., Appellant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant.

In our view, the amended bills of particulars served after the case was marked off the Trial Calendar—at plaintiffs' request and during jury selection—alleged new injuries, and thus defendant Chase was entitled to additional discovery with respect to the new claims. *(See, O'Neill v Schlessinger,* 86 AD2d 842; *see also, Portilla v Boyke,* 51 AD2d 539.) That discovery, however, should be limited to a further physical examination and deposition as to any new matter alleged. Since Special Term directed that plaintiff's July 1985 CAT scans be made available to Chase, we see no need for any further discovery along those lines. Chase's request for reimbursement of its costs with respect to the aborted trial was properly denied. The reason for marking the case off the calendar is not at all clear from the record. Finally, we note that the Justice to whom this case is assigned should set up for an appropriate schedule for the completion of the further deposition and physical examination. Concur—Murphy, P. J., Sullivan, Asch, Fein and Wallach, JJ.