■ DORA TRIVINO, Individually and as Parent and Natural Guardian of ERIKA TRIVINO, an Infant, Appellant-Respondent, v JAMESWAY CORPORATION, Respondent-Appellant and Third-Party Plaintiff. MEGAS MANUFACTURING, INC., Third-Party

Defendant and Fourth-Party Plaintiff-Respondent. AVTEX FI-
BERS, INC., Fourth-Party Defendant-Respondent.—Casey, J.
Cross appeals from an order of the Supreme Court (Williams,
J.), entered December 16, 1987 in Sullivan County, which
partially granted defendant's motion for summary judgment
dismissing the complaint, dismissed the third-party and
fourth-party complaints, and conditionally granted plaintiff's
cross motion to serve an amended verified bill of particulars.

Plaintiff purchased cosmetic puffs and children's pajamas
from a store owned by defendant in the Town of Liberty,
Sullivan County, to make a Halloween costume for her eight-
year-old daughter similar to one she had seen in a magazine.
Plaintiff glued the cosmetic puffs all over the exterior of the
pajamas, creating the appearance of a coat of white fur. While
wearing the costume, plaintiff's daughter leaned over the
electric stove in her house and the costume ignited, causing
severe permanent injuries to the child. Plaintiff, individually
and on behalf of her daughter, sued defendant; defendant
impleaded the manufacturer of the cosmetic puffs, who in turn
impleaded the manufacturer of the rayon fibers used in the
puffs.

Defendant moved for summary judgment dismissing the
complaint and all cross claims against it. Plaintiff cross-moved
for leave to serve a supplemental and amended bill of particu-
lars to delineate plaintiff's claims relating to the injuries
caused by the flammability of the pajamas. Supreme Court
granted defendant's motion in part by dismissing plaintiff's
claims based upon the cosmetic puffs and granted plaintiff's
cross motion for leave to serve the supplemental bill of partic-
ulars on the condition that plaintiff's counsel pay defendant
$1,000 in costs. Plaintiff and defendant have cross-appealed.

Plaintiff's cause of action against defendant based upon the
cosmetic puffs is based upon the theory that defendant
breached its duty to warn customers of the flammable nature
of the cosmetic puffs. Supreme Court held that defendant had
no duty to warn in these circumstances since plaintiff's use of
the cosmetic puffs was an unforeseeable misuse. While we
agree that plaintiff's use of the cosmetic puffs was a misuse in
the sense that it was outside the scope of the apparent
purpose for which the puffs were manufactured, we cannot
agree that plaintiff's misuse was unforeseeable as a matter of
law. There is a duty to warn of dangers associated with
reasonably foreseeable misuse *(McLaughlin v Mine Safety
Appliances Co.,* 11 NY2d 62; *Howard Stores Corp. v Pope,* 1
NY2d 110). "The question of foreseeability is one for the court

when the facts are undisputed and but one inference can be drawn; it is for the jury when varying inferences may be drawn" *(Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 132, citing *Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 345). As we said in *Vinogradov v Clicquot Club Co.* (55 AD2d 489, 492), "[f]oreseeability depends upon the peculiar facts and circumstance of each case". Based upon the peculiar facts and circumstances of this case, we are of the view that varying inferences may be drawn as to whether plaintiff's use of the cosmetic puffs was reasonably foreseeable and, therefore, the issue is for the jury, not the court *(see, Heller v Encore of Hicksville,* 53 NY2d 716, *revg* 76 AD2d 917; *see also, Holtslander v Whalen & Sons,* 70 NY2d 962, *modfg* 126 AD2d 917 *on concurring in part and dissenting in part mem of Levine, J.; Cruz v New York City Tr. Auth.,* 136 AD2d 196).

Defendant also relies upon the principle that "[t]here is no duty to warn against a condition that can be readily observed by the reasonable use of senses" *(Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665, 667). Nor is there any "necessity to warn a customer already aware—through common knowledge or learning—of a specific hazard" *(Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65). Plaintiff apparently believed the cosmetic puffs were made of cotton, and defendant contends that since the danger of cotton burning when exposed to flame is open and obvious, there was no need to warn plaintiff about that danger *(see, Brech v Penney Co.,* 698 F2d 332, 334). In *Heller v Encore of Hicksville (supra),* however, the Court of Appeals reversed the Second Department's holding that, as a matter of law, the defendant hairdresser was not negligent in failing to warn plaintiff not to smoke while undergoing a hair treatment which involved the placement of absorbent cotton in the plaintiff's hair. The Second Department's holding was based, in part, on the evidence in the record which revealed that the cotton used in the process was no more flammable than ordinary absorbent cotton and that the injured plaintiff knew that absorbent cotton was flammable. Accordingly, it is apparent that the Court of Appeals has rejected an argument virtually the same as that advanced by defendant herein. It is also significant that in the case at bar the cosmetic puffs were not made of cotton, as plaintiff thought, but were 100% rayon which, according to evidence in the record, has different characteristics than cotton. For these reasons, we conclude that defendant is not entitled to summary judgment on the issue of its failure to warn in regard to the cosmetic puffs. Since the sole

basis for the dismissal of the third-party and fourth-party complaints was Supreme Court's ruling on defendant's motion for summary judgment against plaintiff, it follows that those complaints must be reinstated.

Turning to that part of Supreme Court's order which granted plaintiff leave to serve an amended and supplemental bill of particulars, we conclude that although the excuse for failure to include the claim in the original bill of particulars amounts largely to inadvertence, there is sufficient proof of merit to the supplemental claim and lack of prejudice to defendant to support Supreme Court's decision to grant plaintiff's motion (see, Havas v Victory Paper Stock Co., 77 AD2d 698, 699). As to plaintiff's cross appeal, we note that motion costs are within the discretion of the court (CPLR 8106; see, Matter of Kavares, 29 AD2d 68, affd sub nom. Matter of McEntee [MVAIC], 28 NY2d 939) and we see no abuse of discretion herein, particularly since certain pretrial proceedings will have to be duplicated.

Order modified, on the law, without costs, by reversing so much thereof as partially granted defendant's motion and dismissed the third-party and fourth-party complaints; motion denied in its entirety and the third-party and fourth-party complaints are reinstated; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.