■ RIVERSIDE CAPITAL ADVISORS, INC., Appellant, and WINCHESTER GLOBAL TRUST COMPANY LIMITED, Respondent, v FIRST SECURED CAPITAL CORP. et al., Appellants, et al., Defendants. THOMAS B. DONOVAN et al., Nonparty Appellants. [814 NYS2d 643]—

In an action, inter alia, to recover damages for breach of a loan agreement, the plaintiff Riverside Capital Advisors, Inc., appeals, as limited by its brief, from so much of an amended judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated February 3, 2004, as, after a nonjury trial, is in favor of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, and against the defendants First Secured Capital Corp. and Thomas B. Donovan Family Trust in the principal sum of $7,618,655.86 and awarded prejudgment interest in the sum of $13,852,994.46. The defen-

dant First Secured Capital Corp. appeals from (a) a decision of the same court dated August 11, 2003, (b) so much of a judgment of the same court dated September 17, 2003, as, upon the decision and after a nonjury trial, is in favor of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, and against it in the principal sum of $7,618,655.86 and awarded prejudgment interest in the sum of $13,852,994.46, and (c) so much of the amended judgment dated February 3, 2004, as is in favor of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust and against it in the principal sum of $7,618,655.86 and awarded prejudgment interest in the sum of $13,852,994.46. The Thomas B. Donovan Family Trust separately appeals (a) from the decision dated August 11, 2003, (b) as limited by its brief, from so much of the judgment dated September 17, 2003, as, upon the decision and after a nonjury trial, is in favor of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, and against it in the principal sum of $7,618,655.86 and awarded prejudgment interest in the sum of $13,852,994.46, and enjoined it from transferring any of its assets until the judgment is satisfied, and (c) so much of the amended judgment dated February 3, 2004, as is in favor of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, and against it in the principal sum of $7,618,655.86, awarded prejudgment interest in the sum of $13,852,994.46, and enjoined it from transferring certain assets. Nonparties Thomas B. Donovan and Pamela Donovan separately appeal, as limited by their brief, from so much of the amended judgment dated February 3, 2004, as enjoined the Thomas B. Donovan Family Trust and the nonparty corporations from transferring certain assets.

Ordered that the appeals from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeals from the judgment dated September 17, 2003, are dismissed, without costs or disbursements, as that judgment was superseded by the amended judgment dated February 3, 2004; and it is further,

Ordered that the appeal by nonparties Thomas B. Donovan and Pamela Donovan from so much of the amended judgment dated February 3, 2004, as enjoined Thomas B. Donovan Family Trust and the nonparty corporations from transferring certain assets is dismissed, without costs or disbursement, as they are not aggrieved by that portion of the amended judgment (see CPLR 5511); and it is further,

Ordered that the appeal by Riverside Capital Advisers, Inc., from the amended judgment dated February 3, 2004, is dismissed, without costs or disbursements, as it is not aggrieved by the amended judgment (*see* CPLR 5511); and it is further,

Ordered that the amended judgment dated February 3, 2004, is modified, on the law, by deleting from the second decretal paragraph thereof the provision in favor of Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, in the principal sum of $7,618,655.86 with prejudgment interest in the sum of $13,852,994.46, and against Thomas B. Donovan Trust and substituting therefor a provision in favor of Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, and against Thomas B. Donovan Family Trust in the principal sum of $400,000, and by deleting from the fourth decretal paragraph thereof the provision enjoining Thomas B. Donovan Family Trust from transferring certain assets and substituting therefor a provision enjoining Thomas B. Donovan Family Trust from transferring assets in accordance with the damages awarded herein; as so modified, the amended judgment dated February 3, 2004, is affirmed insofar as appealed from by First Secured Capital Corp. and Thomas B. Donovan Family Trust, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a second amended judgment.

On appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]; *see DiBruno v Abrams*, 208 AD2d 672, 673 [1994]).

We find no reason to disturb the Supreme Court's finding that the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust (hereinafter Winchester), was entitled to judgment against First Secured Capital Corp. (hereinafter First Secured) on the complaint, as the evidence adduced at trial established that First Secured defaulted on the loan agreement and promissory notes payable to Winchester's assignors.

However, the Supreme Court erred in awarding damages to Winchester against the defendant Thomas B. Donovan Family Trust (hereinafter the Trust) in excess of $400,000 and issuing an injunction against the Trust based on evidence that loan proceeds were misappropriated. The complaint in this case made

no allegation of misappropriation of loan proceeds and only asserted a single cause of action against the Trust in the amount of $400,000. Thus, under the circumstances of this case, the Supreme Court erred in permitting Winchester to elicit, at trial, testimony regarding alleged misappropriations (*see Solomon v Stroler*, 82 AD2d 756 [1981]), and in granting Winchester's motion for leave to amend the complaint, made at the conclusion of trial (*see Symbax, Inc. v Bingaman*, 219 AD2d 552 [1995]). This interjection, at trial, of a new theory of liability was prejudicial to the Trust (*id.*). Although injunctive relief was not one of the objectives of the subject complaint, given the record herein, including the existence of numerous transfers to interlocking corporations controlled by the same principals, the Supreme Court providently exercised its discretion in granting the post-trial injunctive relief to prevent the judgment from being rendered ineffectual (*see* CPLR 6301; *Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595 [2005]). However, the breadth of the injunction must be restricted to reflect the modification directed herein.

The parties' remaining contentions are without merit. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.