■ DAISY NEAL, Appellant, et al., Plaintiff, v RAINBOW HOUSE FRUITS, Respondent. — Order of the Supreme Court, New York County (Blangiardo, J.), entered February 19, 1981, which set aside the jury verdict of $125,000 in a personal injury case as being excessive and ordered a new trial on the issue of damages is unanimously reversed, without costs, on the law, the facts and the exercise of discretion, and the verdict reinstated. Plaintiff-appellant slipped on the sidewalk in front of defendant's store and suffered a broken ankle. Apparently due to the testimony of plaintiff and her expert witness regarding the extent and seriousness of her injury, the jury awarded $125,000 in damages. However, defendant's motion to set aside the verdict was granted by the Trial Judge on the ground that the injuries sustained by the plaintiff were inconsistent and disproportionate to the jury's award. We believe that the court was in error in so holding. It is the function and responsibility of the jury to determine damages, and the verdict may be set aside only where the amount is such as to shock the conscience of the court. (*Cole v City of Albany,* 80 AD2d 656; *Stier v Weissman,* 73 AD2d 1027; *Petosa v City of New York,* 63 AD2d 1016.) In this case, the diagnosis of the Bellevue Hospital radiologist of the plaintiff's injury was that she sustained a "trimalleolar fracture of the ankle * * * [with] lateral displacement of the distal fibula fragment." X rays taken two years later revealed a permanent widening of the fibula and a thinning of the cartilage surfaces, causing an erosion of the joint. The plaintiff's medical expert identified this degenerative condition as traumatic arthritis and testified that it would progressively deteriorate. In addition, the plaintiff asserted that the injury has left her with continuing pain, has significantly restricted her normal activities, and requires constant care and attention. Thus, the jury was justified in finding that the injuries suffered by plaintiff were permanent and severe, and that her condition would continue to deteriorate. Under the circumstances, the jury's verdict was neither so shocking nor excessive as to warrant its being set aside. Concur — Markewich, J. P., Lupiano, Bloom, Fein and Milonas, JJ.