■ JUAN CEPEDA, Respondent-Appellant, v HERTZ CORPORATION, Appellant-Respondent.—Judgment, Supreme Court, New York County (Frank S. Rossetti, J.), entered on July 16, 1984, reversed on the law and the facts, without costs or disbursements, and a new trial ordered solely on the issue of damages unless plaintiff, within 20 days after service upon his attorney of a copy of the order to be entered herein, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the judgment in his favor to $450,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs or disbursements.

After review of the record herein, the damages appear to us to be excessive to the extent indicated.

Appeal from the order of said court entered on May 31,

1984 granting defendant's motion to set aside the jury verdict to the extent of ordering a new trial on the issue of damages unless plaintiff stipulates to reduce the verdict to $750,000 is dismissed as subsumed in the appeal from the aforesaid judgment, without costs. Concur—Murphy, P. J., Ross and Lynch, JJ. Milonas and Ellerin, JJ., dissent in part in a memorandum by Milonas, J.

Milonas, J. (dissenting in part). In my opinion, the judgment being appealed herein should be affirmed in all respects.

The uncontroverted evidence at trial demonstrates that prior to the accident in question, plaintiff, a healthy, physically active young man of 18 who had great pride in his superb physical condition, took pleasure in participating in a variety of athletic endeavors, including weightlifting, wrestling, boxing, jogging, baseball and softball. He was a manual laborer and had hopes of becoming a professional athlete. However, as a result of the injuries to plaintiff when he was struck by a vehicle leased from defendant Hertz Corporation, his ability to engage in athletic pursuits was entirely destroyed, along with his career aspirations. After the accident, even such a simple task as walking became an ordeal for him, and, indeed, he is expected to limp for the remainder of his life.

There was testimony that the impact between plaintiff and defendant's automobile caused him to sustain multiple fractures of the ankle necessitating surgery in which pieces of bone had to be knitted together with screws. Subsequently, his leg was determined to have atrophied in the calf area. The ankle swelled up, and there was a loss of mobility in the ankle joint and subtalar joints. Plaintiff's foot, which healed with a great deal of hypertrophy or thickening, had scarred, leaving him with persistent and extreme sensitivity and pain. In addition, the fractures did not mend properly so that the ankle has remained permanently deformed and arthritic. Plaintiff also suffered considerable ligament damage. The consequence of all of this is a permanent and severe disability requiring continued medical treatment and surgery during the entire course of his lifetime. The psychological effect on plaintiff's personality has been profound.

Plaintiff introduced proof that his special damages alone, representing medical costs and loss of earnings, was a minimum of $250,000 to $350,000. Defendant did not call a single witness to refute any of the evidence relating either to the extent of plaintiff's injuries or the amount of his damages.

Under these circumstances, I cannot perceive how $750,000 is excessive to compensate plaintiff for the limited employment opportunities created by his enduring physical incapacitation, the diminution in his life-style, the medical expenses already incurred and those anticipated in the future, and his permanent pain and suffering.

The jury who heard the case was sufficiently impressed with plaintiff's evidence to hand down a verdict of $5,000,000. The trial court reduced that verdict to $750,000. On appeal the standard by which the appropriateness of a verdict must be evaluated is whether that verdict is so excessive as to shock the conscience of the court. (*Reinhart v Schreiner,* 100 AD2d 755; *Neal v Rainbow House Fruits,* 87 AD2d 511.) Where there has been no medical evidence offered by the defendant to refute the testimony of the plaintiff's experts, it is indeed shocking to one's conscience for this court to further reduce the award. Our function on appeal certainly does not involve merely second-guessing the judgment of the jury and the trial court.