■ JUAN CEPEDA, Appellant, v HERTZ CORP., Respondent.— Order, Supreme Court, New York County (William P. McCooe, J.), entered December 17, 1987, which denied plaintiff's motion for leave to amend and supplement his bill of particulars, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the motion is granted, without costs.

On May 1, 1981, Mr. Juan Cepeda (Mr. Cepeda), who was 18 years old, was struck by a vehicle, owned by the Hertz Corporation (Hertz), as he was walking across the intersection at 6th Avenue and 23rd Street, in New York County. This accident resulted in Mr. Cepeda suffering multiple fractures of the right leg and ankle and related complications.

Thereafter, Mr. Cepeda (plaintiff) commenced action against Hertz (defendant) to recover damages for his injuries. In May 1984, a jury returned a verdict in plaintiff's favor in the amount of $5,000,000. Subsequently, the trial court (Frank S. Rossetti, J.) granted defendant's motion to set aside that verdict, and ordered a new trial, unless the plaintiff stipulated to accept the reduced sum of $750,000. Following the plain-

tiff's stipulation, a judgment was entered, on July 16, 1984, in the amount of $750,000 and from that judgment, defendant appealed and plaintiff cross-appealed. In connection with this earlier appeal *(Cepeda v Hertz Corp.,* 112 AD2d 91 [1st Dept 1985]), this court, by order entered July 18, 1985, reversed the judgment, mentioned *supra,* and remanded for a new trial, solely on the issue of damages, unless plaintiff stipulated to reduce the judgment in his favor to $450,000.

Prior to filing a note of issue for the new trial on damages, in 1987, plaintiff moved for leave to amend and supplement his bill of particulars, in order to update his injuries related to the 1981 accident. In pertinent part, in that pleading, plaintiff stated: "As a result of the ortho[pe]dic injury, there has been a significant alteration in personality as well as a significant increase in the plaintiff's mal-adjustment *[sic]* which had been previously evident. This alteration in the plaintiff's personality has been accompanied by the occurrence of alcoholism and paranoid ideation". Accompanying this pleading was a physician's affirmation in support, as well as authorization to inspect plaintiff's hospital records, and an offer to make plaintiff available for a psychiatric examination by defendant's expert. Defendant opposed. Subsequently, the IAS court denied the motion for leave.

It is hornbook law that "[t]he standard governing applications to amend or supplement bills of particulars is that applicable to motions to amend pleadings under CPLR 3025 (b) * * * Such motions are to be liberally granted in the absence of prejudice" *(Bossert v Jay Dee Transp.,* 114 AD2d 833 [1985]).

After our review of the record in this case, we find that defendant will not be prejudiced, since for several years it has had notice of plaintiff's claim of emotional injury. Furthermore, defendant will be afforded an "opportunity [to conduct] further discovery in order to prepare for [the new] trial" *(O'Neill v Schlessinger,* 86 AD2d 842 [1st Dept 1982]).

Accordingly, since we find that the IAS court abused its discretion in denying leave *(see, Daigle v Texas Intl. Co.,* 109 AD2d 648, 649 [1st Dept 1985]), we reverse, and grant the motion. Concur—Sullivan, J. P., Ross, Ellerin and Smith, JJ.