■ CELIA KIRSCHNER, Respondent, v SEYMOUR TINDEL et al., Appellants.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 23, 1988, which on reargument vacated an order entered on November 27, 1987, granting on default defendant's earlier motion to strike plaintiff's supplemental and amended bill of particulars, and granted plaintiff leave to serve the supplemental and amended bill of particulars, is unanimously affirmed, without costs.

In this medical malpractice action, plaintiff served an amended and supplemental bill of particulars after the action had been placed on the Trial Calendar. Defendant moved to strike the amended and supplemental bill of particulars. On the return date of the motion, advanced by one day, plaintiff inadvertently failed to appear and the motion was granted on default. The lower court properly vacated the default upon plaintiff presenting an affidavit of merit and a sufficient excuse for the default *(Cappel v RKO Stanley Warner Theaters,* 61 AD2d 936).

The plaintiff's amendment and supplement to the bill of particulars was permissible (CPLR 3042 [g]). Moreover, the plaintiff's attorney sufficiently explained that the reason for the delay was the failure to recognize a causal connection between the loss of the plaintiff's gall bladder and the alleged malpractice until he interviewed a treating physician shortly before the scheduled trial date. The same guidelines that permit amended and supplemental pleadings (CPLR 3025 [b]) are applicable to bills of particulars *(Cepeda v Hertz Corp.,* 141 AD2d 394, 395 [1st Dept 1988]). In the absence of prejudice amendments and supplements to bills of particulars are to be

liberally granted *(Cepeda v Hertz Corp., supra,* at 395). Defendants have failed to adequately establish how they are prejudiced by the delay. Accordingly, the court below did not abuse its discretion by allowing plaintiff to amend and supplement her bill of particulars. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Wallach, JJ.