(May 1, 1997)

■ Victor Roman, Respondent, v 1185 Avenue of the Americas Associates et al., Appellants, et al., Defendants. (And a Third-Party Action.) [656 NYS2d 630] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 20, 1996, which granted plaintiff's motion for leave to amend his bill of particulars to allege additional injuries, unanimously affirmed, without costs.

This action, which was commenced on August 30, 1989, arises from injuries allegedly suffered by plaintiff when he slipped on loose construction materials at a job site on March 27, 1987. Among the injuries alleged in his original bill of particulars were traumatic degenerative arthritis of the left hip joint and torn muscles of the left hip.

On March 11, 1994, plaintiff's attorneys filed a note of issue and a certificate of readiness, but defendants moved to strike to obtain discovery on hip replacement surgeries which had been undergone by plaintiff in 1992 and 1994. On April 6, 1994, counsel for the parties entered into the following stipulation:

"IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for plaintiff, Victor Roman, and the attorneys for defendant, A.J. CONTRACTING CO., that, as of the date hereof, plaintiff has not alleged that plaintiff's hip replacement surgeries are causally related to the events, which allegedly gave rise to plaintiff's injury on March 27, 1987.

"IT IS FURTHER STIPULATED AND AGREED that should plaintiff allege, subsequent to the date hereof, that plaintiff's hip replacement surgeries are causally related to the events, which allegedly gave rise to plaintiff's injury of March 27, 1987, defendant, A.J. CONTRACTING CO. will be entitled to a further examination before trial and a further independent medical examination, despite the filing of plaintiff's Note of Issue, dated March 11, 1994."

On June 27, 1994, the IAS Court issued an order denying defendants' motion to strike.

On January 17, 1996 plaintiff moved to amend his bill of particulars or to reargue the June 27, 1994 order to add the bilateral hip replacement surgeries that he had undergone as further injuries resulting from the accident, alleging that his counsel at the time of the prior proceedings, who had since been fired, had misrepresented plaintiff's position. According to plaintiff, there was never any question that the hip surgeries were causally connected to the hip injuries suffered in the accident and that he intended to include them in his claim. In support, plaintiff offered proof that the cost of the surgeries had been covered by workers' compensation based on the causal connection to the work-related injury. The court granted that motion, and defendants now appeal.

Leave to amend a bill of particulars should generally be freely given in the absence of prejudice (*Cepeda v Hertz Corp.*, 141 AD2d 394). In light of the evidence that plaintiff's hip surgeries were connected to the injuries suffered in the incident at issue, as well as defendants' failure to allege any specific prejudice resulting from the delay, we find that the IAS Court was within its discretion in granting plaintiff's motion. Concur—Murphy, P. J., Rosenberger, Ellerin and Wallach, JJ.