■ MANUEL SAHDALA, Individually and as Administrator of the Estate of JUANA SAHDALA, Deceased, Respondent, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Appellants. [674 NYS2d 297] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about October 8, 1997, which granted plaintiff's motion for leave to serve an amended bill of particulars to include a claim for the decedent's lost earnings as an element of plaintiff's loss of support claim, unanimously affirmed, without costs.

The motion court properly exercised its discretion in granting plaintiff leave to amend his bill of particulars to include a claim premised upon the decedent's lost earnings (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 958). The amendment, although belated, did not prejudice defendants since, from the inception of the action, defendants were aware that plaintiff's decedent worked and contributed to plaintiff's support. Plaintiff testified to this effect at the General Municipal Law § 50-h hearing and at his deposition (*see, March v St. Volodymyr Ukranian Catholic Church*, 117 AD2d 864). Defendants' lack of surprise and attendant prejudice respecting this

claim is additionally evidenced by their deposition of a nonparty witness on the lost income issue and by their service of demands for employment authorizations. Moreover, to the extent, if any, that the late assertion of the claim caused defendants any prejudice, the court adequately mitigated the prejudice by granting defendants leave to conduct further discovery (*see, O'Neill v Schlessinger,* 86 AD2d 842). Under these circumstances, defendants established no ground for a departure from the rule that, ordinarily, "[l]eave [to amend] shall be freely given" (CPLR 3025 [b]; *see also, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; *Cepeda v Hertz Corp.,* 141 AD2d 394, 395).

We have considered defendants' other arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.