■ ANDREINA BRANN, Respondent, v LA BARBONE, INC., et al., Appellants. (And Other Actions.) [688 NYS2d 59] —Order, Supreme Court, New York County (Joan Madden, J.), entered March 13, 1998, which, in an action for personal injuries arising out of an automobile accident, granted plaintiff's motion to vacate her waiver of her claim for psychological injuries, unanimously affirmed, without costs.

We agree with the motion court that plaintiff's waiver of her claim for psychological injuries was a mistake on her part, caused by her prior attorney's failure to communicate effectively with her as corroborated by her psychiatric records, and should be vacated absent prejudice to defendants (*see, Matter of Frutiger*, 29 NY2d 143, 149-150). No prejudice is shown here. The accident occurred in August 1987; the action was commenced in September 1988; plaintiff's waiver of her claim for psychological injuries was made in January 1996 in a letter from her then attorney to opposing counsel that also forwarded medical authorizations and requested advice as to any further discovery requests. The case was called to trial in December 1996 and proceeded through jury selection, where-

upon the trial court granted a motion by plaintiff's attorney to withdraw, declared a mistrial and struck the case from the calendar. The instant motion to vacate the waiver was made in July 1997, plaintiff arguing that she had mistakenly authorized the waiver because her former attorney had failed to inform her of its impact on her potential damage award, and the court granting the motion upon conditions providing defendants ample opportunity to conduct disclosure as to the alleged psychological injuries. We reject defendants' claim that they sustained prejudice sufficient to warrant denial of the motion simply because the case had proceeded through jury selection with the waiver in effect. Plaintiff is not seeking to restore a case formally settled in open court and discontinued (*e.g.*, *Hallock v State of New York*, 64 NY2d 224, 232); rather, plaintiff is taking steps preparatory to restoring a case in which there was declared a mistrial because of irreconcilable differences she had with her attorney that constrained the latter to withdraw on the eve of trial, and was struck from the calendar with all concerned expecting that plaintiff would retain a new lawyer and resume prosecution. Given such expectations, the motion to vacate the waiver was properly granted absent a showing of actual prejudice. Concur—Rosenberger, J. P., Tom, Mazzarelli and Saxe, JJ.