■ Suzana Lunja, Appellant, v Mocha Limo Car Service et al., Respondents. [854 NYS2d 911]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Vaughan, J.), entered June 11, 2007, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court dated August 15, 2007, which denied her motion, in effect, for leave to renew and reargue her opposition to the defendants' separate motions for summary judgment.

Ordered that the order entered June 11, 2007 is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them is denied; and it is further,

Ordered that appeal from the order dated August 15, 2007 is dismissed, without costs or disbursements.

On their separate motions for summary judgment dismissing the complaint, the defendants failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious

injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Since the defendants failed to satisfy their prima facie burdens, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appeal from so much of the order dated August 15, 2007, as denied that branch of the plaintiff's motion which was, in effect, for leave to reargue must be dismissed, since no appeal lies from an order denying reargument. The appeal from so much of the order dated August 15, 2007, as denied that branch of the plaintiff's motion which was, in effect, for leave to renew must be dismissed as academic in light of our determination on the appeal from the order entered June 11, 2007. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.