■ RLI Ins. Co. et al., Respondents, v Turner/Santa Fe, a Joint Venture, et al., Appellants, et al., Defendants. [870 NYS2d 313]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 12, 2007, which, in a subrogation action, insofar as appealed from as limited by the briefs, denied defendant-appellant alleged tortfeasors' motion to dismiss plaintiff insurers' claim for "soft costs" as time-barred, and deemed plaintiffs' bill of particulars amended to include the amount of such costs, unanimously affirmed, with costs.

While the amount of "soft costs" (delay in opening/business interruption) was still being calculated and had not yet been paid by plaintiff insurers to their injured insured, the owner of a construction site damaged by a fire, there is no dispute that defendants-appellants, subcontractors at the site allegedly responsible for the fire, were given notice, in the timely filed complaint, that soft-costs claims were being made based on the same facts for which plaintiffs had already partially paid claims

for "hard" property damages. Although the right to subrogation arises upon payment (*see J & B Schoenfeld, Fur Merchants v Albany Ins. Co.*, 109 AD2d 370, 372-373 [1985]), and payment of the soft-costs claims were not made until more than three years after the fire, i.e., after the three-year statute of limitations had run on plaintiffs' subrogation causes of action (*see Allstate Ins. Co. v Stein*, 1 NY3d 416, 420-421 [2004]), plaintiffs clearly possessed an inchoate, or contingent, right of subrogation for soft-costs claims at the time they commenced the timely action, and defendants were clearly on notice of that right (CPLR 3013; *see Foley v D'Agostino*, 21 AD2d 60, 62-63 [1964]). If a third-party action is "broad enough to encompass contingent claims based on subrogation," and if "[l]ogically, there is no difference in terms of maturity of an action based on subrogation, as opposed to indemnity," in that both accrue upon payment or the determination of liability (*Krause v American Guar. & Liab. Ins. Co.* (22 NY2d 147, 152-153 [1968]), then logically there is no reason why a timely stand-alone action should not be broad enough to encompass a technically unripe subrogation claim as well. To hold otherwise would create the very circumstance condemned by the Court of Appeals, where "the insurer may be put in the position, on the one hand, of having to pay the insured substantial sums of money on questionable claims in order to preserve its subrogation rights, or, on the other hand, it may have to forego the opportunity to prepare what might well have proved to be an excellent case against the alleged tort-feasor" (*id.* at 155). Thus, the court properly deemed the bill of particulars amended to include the exact amount of the soft-costs claims, once determined and paid to the insured by plaintiffs (*see Sahdala v New York City Health & Hosps. Corp.*, 251 AD2d 70 [1998]; CPLR 203 [f]). Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.