■ LINDA DALY-CAFFREY, Respondent, v ALFRED LICAUSI, Appellant. [895 NYS2d 197]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated February 17, 2009, which denied his

motion to dismiss the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the plaintiff's cross motion for leave to amend the bill of particulars.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting the plaintiff's cross motion for leave to amend the bill of particulars and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

"Motions to amend or supplement a bill of particulars are governed by the same standards as those applying to motions to amend pleadings" (*Koch v St. Francis Hosp.*, 112 AD2d 142, 143 [1985]; *see Carranza v Brooklyn Union Gas Co.*, 233 AD2d 287 [1996]). A plaintiff seeking leave to amend a bill of particulars by asserting a new injury must show a reason for the delay in asserting the injury and include a medical affidavit showing a causal connection between the alleged injury and the original injuries sustained (*see Kyong Hi Wohn v County of Suffolk*, 237 AD2d 412 [1997]; *Simino v St. Mary's Hosp. of Brooklyn, Catholic Med. Ctr. of Brooklyn & Queens*, 107 AD2d 800 [1985]). In this case, the plaintiff sought to add a new injury to the bill of particulars which had not been mentioned previously, and which did not appear in the medical records until nearly a year after the date of the accident. Under these circumstances, it was an improvident exercise of discretion to grant the plaintiff leave to amend her bill of particulars (*see Kraycar v Monahan*, 49 AD3d 507 [2008]).

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see McMillian v Naparano*, 61 AD3d 943 [2009]; *Lunja v Mocha Limo Car Serv.*, 50 AD3d 971 [2008]; *Dettori v Molzon*, 306 AD2d 308 [2003]). Since the defendant failed to satisfy his prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.