■ ALINE M. FRISCH, Appellant, v PHILIP HARRIS et al., Respondents. [957 NYS2d 235]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident

(*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the plaintiff did not sustain any serious injuries to her right shoulder or to the cervical and lumbar regions of her spine (*see Fudol v Sullivan*, 38 AD3d 593, 594 [2007]) and, in any event, that any injuries were not caused by the subject accident (*cf. Jilani v Palmer*, 83 AD3d 786, 787 [2011]). Moreover, the defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) by submitting the plaintiff's deposition testimony, which demonstrated that she was not prevented from performing substantially all of her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Beltran v Powow Limo, Inc.*, 98 AD3d 1070, 1071 [2012]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff has an extensive history of accidents involving injury to the parts of her body at issue in this case, specifically, according to her deposition testimony, accidents in 1993, 1996, 1998, 2001, and 2007. The affirmation of one of the plaintiff's orthopedists, Dr. George L. Unis, concluded that the causality of the plaintiff's claimed cervical, lumbar, knee and shoulder injuries "is not very well established." The plaintiff's orthopedic surgeon, Dr. Barry Katzman, causally related the plaintiff's injuries to the instant occurrence as aggravations of the pre-existing injuries. However, Dr. Katzman's summary of the plaintiff's prior accidents does not include all of the accidents, lists incorrect years for others, and, as argued by the defendants, fails to indicate that he reviewed the medical records from the prior accidents (*see Cantave v Gelle*, 60 AD3d 988, 989 [2009]; *Gentilella v Board of Educ. of Wantagh Union Free School Dist.*, 60 AD3d 629, 630 [2009]). Accordingly, his conclusion about causality is speculative and insufficient (*see Cantave v Gelle*, 60 AD3d at 989). The plaintiff's papers submitted in opposition to the defendants' motion likewise fail to raise a triable issue of fact regarding the 90/180 day category of Insurance Law § 5102 (d) (*see Moore v Sarwar*, 29 AD3d 752, 753 [2006]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.