■ CHONG E. PARK et al., Appellants, v JOY A. PASTORE et al., Respondents. [961 NYS2d 283]—

In an action to recover damages for personal injuries, the plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered October 21, 2011, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2) from a judgment of the same court, dated November 18, 2011, which, upon the order, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants met their prima facie burden of showing that each plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants

submitted competent medical evidence establishing, prima facie, that the plaintiff Chong E. Park did not sustain any serious injuries to the cervical and lumbar regions of her spine or to either of her knees, and, in any event, that any injuries were not caused by the subject accident (*see Frisch v Harris*, 101 AD3d 941 [2012]; *cf. Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendants also submitted competent medical evidence establishing, prima facie, that the plaintiff Joon S. Hwang did not sustain any serious injuries to the cervical and lumbar regions of his spine or to either of his shoulders or knees, and, in any event, that any injuries he may have had were not caused by the subject accident (*see Frisch v Harris*, 101 AD3d 941 [2012]; *cf. Jilani v Palmer*, 83 AD3d at 787).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether either of them sustained a serious injury or whether any injuries they did sustain were caused by the subject accident. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur. **[Prior Case History: 2011 NY Slip Op 32760(U).]**