■ SHANNEL MACKINS, Appellant, v MOHAMMAD JAVED et al., Respondents. [971 NYS2d 215]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated February 16, 2012, which granted the separate motions of the defendant Mohammed Javed and the defendant Wayne B. Williams for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendant Mohammed Javed and the defendant Wayne B. Williams for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to her left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009])

and that, in any event, any injuries to these areas were not caused by the subject accident (*see Frisch v Harris*, 101 AD3d 941, 942 [2012]). However, in opposition, the plaintiff submitted evidence raising a triable issue of fact as to whether those alleged injuries constituted serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) and as to whether those injuries were caused by the subject accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Broughal v Moss*, 94 AD3d 798, 799 [2012]). Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.