Cherry v Longo (2019 NY Slip Op 06741)





Cherry v Longo


2019 NY Slip Op 06741


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00254
 (Index No. 100922/15)

[*1]Debra Cherry, etc., appellant,
v
William P. Longo, respondent.


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Erol B. Gurcan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated November 3, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff's decedent did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied the plaintiff's cross motion to vacate an order of the same court dated February 7, 2017, and for leave to serve a supplemental bill of particulars alleging that the plaintiff's decedent's death was caused by the subject accident.
ORDERED that the order dated November 3, 2017, is affirmed, with costs.
On December 16, 2014, the plaintiff's decedent, Shamila Aisha Ali, a pedestrian, was struck by a vehicle driven by the defendant, William P. Longo. Ali died approximately three weeks later, on January 4, 2015. The death certificate listed the cause of death as "Sickle - Hemoglobin C (Sc) Disease."
The plaintiff, Debra Cherry, as administratrix of Ali's estate, commenced this action to recover damages for Ali's injuries on July 23, 2015. In the bill of particulars, the plaintiff alleged that Ali sustained injuries, inter alia, to her hip and to her ankle as a result of the accident, but did not allege that Ali's death was the result of the accident.
In an order dated December 21, 2016, the Supreme Court, in effect, gave the plaintiff 30 days to provide a supplemental bill of particulars, in which the plaintiff could assert a claim specifically alleging the accident as a cause of death and specifically alleging how Ali's death and the accident were causally related. The order stated that if the plaintiff failed to comply, she would be precluded from making such allegations. The plaintiff served a supplemental bill of particulars dated January 19, 2017, but the supplemental bill of particulars did not allege that Ali's death was caused by the accident. Subsequently, the court issued an order dated February 7, 2017, which provided that the plaintiff "is precluded from specifically alleging the accident which is the subject of this lawsuit as a cause of death pursuant to the prior court order dated 12/21/16."
By notice of motion dated May 8, 2017, the defendant moved for summary judgment dismissing the complaint on the ground that Ali did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiff opposed the motion and cross-moved to vacate the preclusion order dated February 7, 2017, and for leave to serve a supplemental bill of particulars alleging that Ali's death was caused by the accident. In support of the cross motion, the plaintiff submitted the affidavit of Jonathan E. Snider, a physician who reviewed Ali's hospital records and autopsy report. Snider stated that Sickle Cell Disease (hereinafter SCD) could not have been the sole cause of Ali's death, and that "[a] person who has SCD can undergo a stress or a bad trauma, which can possibly lead to changes in their blood, which could ultimately lead to one's death." He noted that Ali also had spleen and liver disease. He concluded: "It is my opinion that [Ali's] injuries from her accident of December 16, 2014, caused a condition that might ha[ve] led to changes in her blood that could have ultimately led to her death."
In an order dated November 3, 2017, the Supreme Court denied the plaintiff's cross motion and granted the defendant's motion. The plaintiff appeals.
"A plaintiff seeking leave to amend a bill of particulars by asserting a new injury must show a reason for the delay in asserting the injury and include a medical affidavit showing a causal connection between the alleged injury and the original injuries sustained" (Daly-Caffrey v Licausi, 70 AD3d 884, 885).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to proffer a sufficient reason for failing to allege that Ali's death was caused by the accident, in response to the court's deadline (see Daly-Caffrey v Licausi, 70 AD3d at 885; cf. Kirschner v Tindel, 155 AD2d 289). Moreover, the plaintiff failed to submit a medical affidavit that sufficiently demonstrated a causal connection between Ali's death on January 4, 2015, and the injuries allegedly sustained in the accident on December 16, 2014 (see Daly-Caffrey v Licausi, 70 AD3d at 885). Snider's conclusion regarding causation was speculative, and thus, his affidavit was insufficient to raise a triable issue of fact as to whether Ali's death was caused by the accident (see Frisch v Harris, 101 AD3d 941, 942).
The only issue raised by the plaintiff in opposition to the defendant's motion for summary judgment was that Ali's death was caused by the accident. To the extent that the bill of particulars alleged categories of serious injury other than death, the plaintiff has abandoned her reliance on those categories by failing to address them in opposition to the defendant's motion, and in her brief on appeal (see Pita v Roosevelt Union Free Sch. Dist., 156 AD3d 833, 835; Carfi v Forget, 101 AD3d 1616, 1617; Crawford-Reese v Woodard, 95 AD3d 1418). Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint on the ground that Ali did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court