Davis v Conklin (2024 NY Slip Op 06585)

Davis v Conklin

2024 NY Slip Op 06585

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-04221
 (Index No. 607081/20)

[*1]Harold R. Davis, appellant, 
v
George . Conklin, et al., respondents.

Bornstein & Emanuel, P.C. (Neil R. Finkston, Great Neck, NY, of counsel), for appellant.
London Fischer LLP, New York, NY (Louis T. Cornacchia III of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated March 28, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate so much of an order of the same court dated March 21, 2022, as stated that he was not pursuing a claim for lost earnings, and so much of two orders of the same court dated July 18, 2022, and September 30, 2022, respectively, as stated that he had waived his claim for lost earnings.
ORDERED that the order dated March 28, 2023, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was to vacate so much of the order dated March 21, 2022, as stated that he was not pursuing a claim for lost earnings, and so much of the orders dated July 18, 2022, and September 30, 2022, respectively, as stated that he had waived his claim for lost earnings, is granted, and those portions of the orders dated March 21, 2022, July 18, 2022, and September 30, 2022, respectively, are vacated.
In 2020, the plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when his vehicle collided with a vehicle owned by the defendant Lexus of Southampton, Inc., and operated by the defendant George V. Conklin. On March 21, 2022, the Supreme Court issued a compliance conference order stating, inter alia, that the plaintiff was not pursuing a claim for lost earnings. Subsequently, in two compliance conference orders dated July 18, 2022, and September 30, 2022, respectively, the court stated that the plaintiff had waived his claim for lost earnings.
In November 2022, after a change of counsel, the plaintiff moved, among other things, to vacate so much of the order dated March 21, 2022, as stated that he was not pursuing a claim for lost earnings, and so much of the orders dated July 18, 2022, and September 30, 2022, respectively, as stated that he had waived his claim for lost earnings. In an order dated March 28, 2023, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the subject portions of the orders dated March 21, 2022, July 18, 2022, and September 30, 2022, respectively. In support of the motion, the plaintiff and his former attorney asserted that the plaintiff always intended the pursue the lost earnings claim. Moreover, the defendants failed to demonstrate that they would be prejudiced by the reassertion of that claim. At the plaintiff's deposition in May 2022, the defendants' attorney was made aware of the plaintiff's intention to reassert his claim for lost earnings, and the attorney questioned the plaintiff at length about his employment history and alleged inability to work. Further, the plaintiff provided an authorization for his employment records, and discovery is ongoing. Under the circumstances, the court should have vacated the waiver of the lost earnings claim and permitted the plaintiff to reassert his lost earnings claim (see Brann v La Barbone, Inc. , 260 AD2d 218, 218-219; Sahdala v New York City Health & Hosps. Corp. , 251 AD2d 70, 70-71).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court